Joe SEARS, Appellant,

v.

MUND–BOILERS, INC., et al., Appellees.

No. 7206.

Court of Civil Appeals of Texas.

Texarkana.

April 5, 1960.

Rehearing Denied May 3, 1960.

Power, McDonald & Mell, Milton Greer ·Mell, Gilmer, Al L. Crystal, Houston, for appellant.

Ramey, Brelsford, Hull & Flock, Tyler, Pinkney Grissom, Timothy E. Kelley, Jerry L. Buchmeyer, Thompson, Knight, Wright & Simmons, Dallas, for appellees.

CHADICK, Chief Justice.

This is an appeal from summary judgments in a common law tort action. The judgments of the trial court are reversed and trial of the case upon its merits ordered. A different phase of the case was before this court in a prior appeal reported 328 S.W.2d 199.

Joe Sears as plaintiff in the trial court sued the appellees and others not parties to this appeal as defendants for damages resulting from injuries he received in an explosion that occurred during the testing of a newly installed gas fired steam boiler. Such other statement of pleadings and facts as seem necessary to an understanding of the conclusions reached will be stated in the course of the opinion.

Neither of the appellees, Mund-Boilers, Inc., and the Prosperity Company, Inc., contend that the appellant, Joe Sears, failed to establish in the summary judgment hearing that there were material fact questions for determination under his allegations of primary negligence.

Both appellees undertake in their motions for summary judgment to establish the affirmative defenses of Sears' contributory negligence and voluntary exposure to a known risk, (volenti non fit injuria). The Prosperity Company in addition seeks to establish that as a supplier of the boiler figuring in the explosion it was not guilty of violating any duty owed Sears and is not legally liable to Sears for his injury.

As applicable to this case Sections (b) and (c) of Rule 166–A, Vernon's Annotated Texas Rules of Civil Procedure in general terms provides that appellees, as defendants in the trial court, may move for summary judgment upon the pleadings, admissions and evidence before the court; and if the trial judge finds there is no genuine issue as to any material fact judgment shall be entered for the movants. Under the record presented here for review the trial court's judgments may be sustained as to each of the defenses pled if it be shown that by reason of the absence of a controverted material fact issue the particular defense is sustained as a matter of law. It is within this frame of reference that the appellees' defenses are discussed.

### Contributory Negligence Defense

Sears was engaged as an independent contractor by the Prosperity Company to supervise and direct the setting in place and connection of gas, water and electrical lines to dry cleaning and laundry machinery and equipment including a gas fired boiler at a laundry and dry cleaning establishment in Tyler. When the installation progressed to a point he considered a test of the boiler necessary it was discovered the boiler's gas burner did not fire. On making this known to the purchaser of the equipment the services of a Mund-Boilers, Inc., technician was secured. This technician found that a control device produced by Minneapolis-Honeywell Regulator Company, colled a "Protectorelay" was preventing the gas reaching the burner and ordered another out of Dallas to replace it. Pending its arrival Sears asked the technician if he would by-pass this control device and fire the boiler manually. The technician agreed to do so if Sears would assist by watching the pilot light which could only be seen through a small hole at the rear of the boiler. To do this Sears took a position with his body partially behind the boiler. Firing the burner was then undertaken. The blaze of the pilot light was unusual and Sears moved from his first position but as he did so he heard an unusual sound and turned back to further observe the pilot. The explosion occurred immediately after he turned back to his first position and Sears received physical injuries.

Sears testified in a plea of privilege hearing and his testimony by agreement of the parties was made a part of the record at the summary judgment hearing. He admitted that it was dangerous to go behind a boiler when it was being fired and especially so at the first firing. He knew the "Protectorelay" was a safety device placed between the gas meter and the burner to control gas pressure and flow at the burner and compared by-passing it as being similar to placing a penny behind a burned out fuse in an electrical circuit. He forthrightly conceded the "jumping the control" nullified it as a safety factor.

The evidence in the record also discloses that the gas company installed a pressure regulator near the meter to control and level out pressure of gas reaching the burner and that a hand control valve was placed in the gas line to the boiler. The "Protectorelay" was an automatic electronic device installed as an extra safety factor. Sears made no effort to direct the technician in his effort to fire the burner but at the technician's request was undertaking to observe as noted above and report to the technician.

A fact issue is made when evidence though undisputed is of such a nature that reasonable minds might draw different conclusions from it. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Tex.Jur. Sec. 417, page 925. The preceding statement of facts, though not comprehensive in detail, is sufficient to demonstrate that the evidence raises a material issue of fact as to Sears' negligence and the proximate cause of his injuries. Review of the evidence and the reasonable inferences to be drawn therefrom and the application of common and universal knowledge would not satisfy reasonable minds that the facts are so harmoniously consistent that the only conclusion which might be reached from them is that Sears was guilty of negligent conduct which was the proximate cause of his injury. This is not to say that a jury or other trier of fact issues could not reach such a conclusion from a preponderance of the evidence.

But on the other hand if consideration is given to the circumstance that the "Protectorelay" was only one of several safety devices, and the only one shown to be inoperative at the time of the explosion, and common knowledge that gas fired boilers do not invariably explode when first fired, and that boilers are safely fired and operated in the absence of the "Protectorelay" electronic control, together with other knowledge that manually fired boilers under the

control of competent operators may be operated safely, would support a conclusion that Sears' conduct under all the circumstances was not negligent nor the proximate cause of his injuries.

A question of fact is presented for determination, therefore contributory negligence as a matter of law is not shown, and a summary judgment upon this issue was improvidently granted. See Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Loud v. Sears, Roebuck & Company, Tex.Civ. App., 262 S.W.2d 548, n. w. h.; Smith **v.** Bolin, 153 Tex. 486, 271 S.W.2d 93.

### Voluntary Exposure to Known Risk Defense.

■ The doctrine of volenti non fit injuria will defeat liability in this case if the evidence is conclusive that Sears did not act as an ordinarily prudent person in voluntarily subjecting himself to the risk of the explosion under all the circumstances of the case. To sustain the summary judgment in this respect it must be shown that Sears' conduct was as stated in Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227, 228: "So opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it". This rule finds approval in McAfee et al. v. Travis Gas Corporation et al., 137 Tex. 314, 153 S.W. 2d 442. Consideration of the evidence previously discussed requires the conclusion that reasonable minds might differ and it is not shown as a matter of law that Sears voluntarily exposed himself to a known risk. The reasons set out in discussing contributory negligence, have equal force here and need not be repeated. Besides the authority of the two cases last mentioned attention is called to Wood v. Kane Boiler Works, Inc., 150 Tex. 191, 238 S.W.2d 172 and to the application of the rule in Gulf, C. & S. F. Ry. Co. v. Irick, Tex.Civ.App., 116 S.W.2d 1099 and Northcutt v. Magnolia Petroleum Co., Tex.Civ.App., 90 S.W.2d 632, wr. ref. Summary disposition of this defense is not supported.

### Supplier of Chattels Defense.

This defense is urged only by the Prosperity Company in its motion for summary judgment to which was attached the following affidavit:

"In support of the Motion of Defendant Prosperity Company, Inc., for Summary Judgment in the above entitled and numbered cause, the undersigned affiant M. Harold Dwyer as vice-president of The Prosperity Company, Inc., make this affidavit and thereby on oath states the following:

The Defendant Prosperity Co., Inc., sells a 'package deal', as it is called in the trade, consisting of all of the machinery and equipment required to start a new laundry or dry cleaning operation irrespective of who manufactures the equipment required. The machinery and equipment which Prosperity Co. Inc., does not manufacture is ordered by that company directly from the manufacturer thereof or the distributor or jobber of the manufacturer. Items of this nature are referred to as 'allied equipment' to distinguish them from Prosperity manufactured equipment.

The various components of the 'package deal' are not ordinarily assembled or collected into a central yard or location of Prosperity Co., Inc. Instead, the orders for allied equipment placed with the respective manufacturers specify that delivery is to be made to the customer's place of business. Accordingly, the employees of Prosperity Co. Inc., do not handle the allied equipment in any manner or regard.

The order received by Prosperity Co., Inc., from Fites Laundry and Cleaners dated April 30, 1956, involved a gross selling price of $40,000.00 and was such a 'package deal.' The order placed with Defendant Mund-Boilers, Inc., specified that delivery of the boiler was to be made directly to the pur-

chaser's place of business in Tyler, Texas. At no time was this boiler or any of the allied equipment of the package deal purchased by Fite's Laundry and Cleaners directed to a central yard or location of Prosperity Co., Inc. Accordingly, at no time was the boiler equipment furnished by Defendant Mund-Boilers, Inc., handled in any manner or in any regard by the employees of Prosperity Co., Inc."

Another fact of some pertinency not already mentioned was developed at the hearing. At Prosperity Company's direction Sears made an inspection of the boiler and some of the other machinery for damage shortly after its delivery and before installation was undertaken.

■ To sustain the summary judgment it is incumbent on the Prosperity Company to show conclusively that as supplier of the boiler, burner, burner controls, etc., it made such inspection of the equipment as the danger of operating it in a defective condition would require a reasonably prudent supplier to make or that such an inspection would not reveal any defect which caused the explosion. Such a duty is clearly stated in American Law Institute Restatement, Torts, Section 392, Comment, b, d, and f. Section 392 received express approval in Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99, 102, and the part of Comment b having application to the facts of that case was approved with no indication that there was any disagreement with the remainder of the Comment, the Court said:

"* * * According to the American Law Institute, a duty of inspection to forestall personal injury exists on the part of one who supplies chattels to another for a use in which the supplier has a business interest and extends to the servants of an independent contractor to whom the chattel is supplied. Restatement, Torts, Sec. 392, Comment e, Illustration 1."

■ It is affirmatively shown by the affidavit that Prosperity Company made no inspection. Neither is there proof that had such inspection been made the defect which caused the explosion would not have been found. This affidavit and the other evidence also discloses that the Prosperity Company as supplier of the boiler and its appurtenances had a business interest in the chattels and their installation.

It is the Prosperity Company's business interest, that is, its deal to sell and install machinery and equipment to start a new laundry and dry cleaning operation, that distinguishes this case and makes inapplicable Sections 399 (1934) 402 (1934) 402 (Supp.1948) Restatement of the Law of Torts and such cases as Hubbard v. Gray, Tool Co., Tex.Civ.App., 307 S.W.2d 599, n. r. e.; Sieracki v. Seas Shipping Co., 3 Cir., 149 F.2d 98; Zesch v. Abrasive Co. of Philadelphia, 353 Mo. 558, 183 S.W.2d 140, 156 A.L.R. 469 and McLean v. Goodyear Tire & Rubber Co., 5 Cir., 85 F.2d 150, cited and relied upon by the Prosperity Company. These authorities are applicable in situations differing factually from that disclosed here.

Prosperity's argument that liability under the facts disclosed by this record amounts to the creation of liability without fault. Such argument is not persuasive. Liability is founded upon Prosperity's fault in the omission of an inspection it was under a duty to perform. The further argument that duty to inspect imposes an onerous burden out of proportion to any benefit is not substantiated by the record. It is shown that inspection for damage was made. No reason is suggested why the inspection could not be broadened to encompass dangerous defects without excessive cost.

It is shown that for purposes satisfactory to it the boiler was shipped from the manufacturer to the site of installation without being handled by the Prosperity Company. Such proof shows the company by choice refrained from making an inspection of the boiler and omitted to perform the duty it

owed to Joe Sears its independent contractor. There is an absence of proof that Sears had any special competency for the recognition of defects aside from physical damage or that in the inspection he made a reasonably prudent man should have discovered any defect that the company was under a duty to discover and guard against. Under authority of the first citation above from the Restatement of the Law of Torts, Sears as an independent contractor would come within the ambit of those whom the supplier should expect to be in the vicinity of the probable use of the boiler and was entitled to rely upon Prosperity Company performing its duty to inspect the boiler.

The Prosperity Company having failed to establish its supplier defense as a matter of law the summary judgments cannot be sustained upon this ground.

The conclusions stated require that the summary judgments of the trial court be reversed and this case be remanded for trial upon its merits.