Donald F. RHUDY, Appellant,

v.

DIAMOND SHAMROCK
CORPORATION,
Appellee.

No. 01–82–0756–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 4, 1983.

Rehearing Denied Sept. 22, 1983.

Robert D. McPherson, Houston, for appellant.

Allister Waldrop, Jr., Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

OPINION

EVANS, Chief Justice.

The question on this appeal is whether the trial court erred in concluding, as a

matter of law, that federal law preempted the plaintiff's cause of action brought under the Texas Worker's Compensation Act. Tex.Rev.Civ.Ann. art. 8307c (Vernon Supp. 1982). We reverse the trial court's judgment and remand the cause for a trial on the merits.

Donald F. Rhudy brought this suit against his former employer, Diamond Shamrock Corporation, alleging a cause of action for wrongful discharge under art. 8307c of the Texas Worker's Compensation Act. Diamond Shamrock moved for summary judgment, asserting that the plaintiff's cause of action met all statutory and regulatory criteria for coverage under the National Labor Relations Act and was, therefore, preempted by federal law. The trial court entered judgment for Diamond Shamrock, deciding that, as a matter of law, the action was within the exclusive jurisdiction of the National Labor Relations Board.

■ The leading case on federal preemption of state labor law is *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). In that case, the U.S. Supreme Court held that when a particular activity is "arguably" regulated by sections 7 and 8 of the National Labor Relations Act, federal jurisdiction completely preempts any state action, even though the National Labor Relations Board may have declined jurisdiction. Thus, when a particular activity is clearly, or even arguably, within the scope of conduct regulated by the National Labor Relations Act, the plaintiff's remedy lies exclusively with the National Labor Relations Board and both federal and state courts must decline jurisdiction.

The U.S. Supreme Court reaffirmed the *Garmon* approach to the preemption issue in their recent decision in *Local 926, International Union of Operating Engineers v. Jones*, 460 U.S. 669, 103 S.Ct. 1453, 75 L.Ed.2d 368 (1983). In this case, the Supreme Court further explained that federal law does not preempt State court jurisdiction when the particular conduct is only a matter of "peripheral concern" under the National Labor Relations Act or when such conduct "touches on interests so deeply rooted in local feelings and responsibility that, in the absence of compelling congressional direction, it could not be inferred that Congress intended to deprive the States of the power to act ...."

In the case at bar, Diamond Shamrock contends that Rhudy's cause of action, alleging that he was wrongfully discharged for refusing to forego his worker's compensation claim, arguably constituted a "concerted" activity regulated by section 7 of the National Labor Relations Act. Section 7 provides in pertinent part,

"Employees should have the right ... to engage in other *concerted activities* for purpose of collective bargaining or other mutual aid or protection ...." (Emphasis added.)

Diamond Shamrock argues that because a worker's compensation benefits arise out of the employment relationship, the employee's right to file a worker's compensation claim is arguably protected by section 7 of the National Labor Relations Act, and that an employer's retaliation against the employee for filing such a claim would, at least arguably, violate section 8 of the Act.

There is no specific provision in the National Labor Relations Act prohibiting an employer from dismissing an employee for filing a worker's compensation claim. Thus, the question is whether Rhudy's alleged dismissal for filing a worker's compensation claim is arguably a "concerted activity" under section 7 of the Act.

The United States Court of Appeals for the Fifth Circuit has held that an employee's conduct does not fall within the category of a concerted activity protected by the National Labor Relations Act unless it had

the object of "initiating or inducing or preparing for group action" or "had some relation to group action in the interest of the employees." *N.R.L.B. v. Buddies Supermarket Inc.*, 481 F.2d 714, 717 (5th Cir.1973). There, the Fifth Circuit Court of Appeals said:

> [I]t is the black letter rule in this circuit and others that there must be substantial evidence in the record that the employee was engaged in concerted activity for the purpose of mutual aid and protection and that the employee had some knowledge of this at the time of the discharge.

In a later case, *Krispy Kreme Doughtnut Corp.*, 635 F.2d 304 (4th Cir.1980), the question on appeal was whether, as a matter of law, the discharge of an employee for refusing to forego a workers compensation claim constituted a protected, "concerted activity" within the meaning of section 7 of the National Labor Relations Act. In that case, the United States Court of Appeals for the Fourth Circuit denied enforcement of an order of the National Labor Relations Board, holding that the Board lacked jurisdiction unless the employee's conduct was shown to be a "concerted activity" within the meaning of the Act. To show concerted activity, the court said, required evidence that the employee's action contemplated group activity or that the employee had been acting on behalf of, or as a representative of, other employees. *See also, Mushroom Transportation Co. v. N.L.R.B.*, 330 F.2d 683 (3rd Cir.1964).

■ The evidence in this case must be considered in light of the standard set for summary judgment review. Where a defendant moves for summary judgment, he must conclusively prove all essential elements of his defense as a matter of law. *City of Houston v. Clear Lake Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). He must show by uncontroverted evidence that the plaintiff had no cause of action against him on the theory or theories alleged or that he had a complete affirmative

defense to such cause of action. *City of Houston v. Clear Lake Basin Authority.* Any doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-movant, *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952), and if differing inferences may reasonably be drawn from the evidence, a summary judgment should not be granted. *See, Sears v. Mund-Boilers, Inc.*, 336 S.W.2d 243, 245, (Tex.Civ.App. Texarkana 1960, writ ref. n.r.e.)

■ The summary judgment proof in the instant case does not indicate, much less conclusively establish, that Rhudy was acting on behalf of anyone other than himself when he filed his worker's compensation claim. Hence, it could not reasonably be argued that he was engaged in a protected, concerted activity within the meaning of section 7 of the National Labor Relations Act. We sustain Rhudy's two points of error and reverse the trial court's summary judgment.

The judgment of the trial court is reversed, and the cause is remanded for trial.