**Jimmie L. FORD and Wife, Margaret Ann Ford, Appellants,**

v.

**Raymond J. IRELAND, M.D., Appellee.**

**No. 9323.**

Court of Appeals of Texas, Texarkana.

Sept. 10, 1985.

John E. Collins & Mickey Shyrock, Dallas, for appellants.

Leonard E. Davis, Tyler, for appellee.

GRANT, Justice.

Jimmie L. Ford and his wife, Margaret Ann Ford, appeal the trial court's granting a summary judgment in favor of Dr. Raymond Ireland.

This medical malpractice cause of action arose from a June 22, 1981, laceration injury suffered by Mr. Ford to his right eye in which a metal splinter was lodged. Ford had immediately sought local medical assistance and was directed to see Dr. Ireland, an opthalmologist in Longview. Ireland examined Ford during the noon hour but did not surgically repair the cornea laceration until after 6:00 p.m. on the same day.

Dr. Ireland repaired the laceration, but due to the lack of specialized equipment he left the metal splinter in Ford's eye. Ireland intended to send Ford to another specialist who would remove the metal splinter. The next day infection in the injured eye had developed and Ireland referred Ford to a Dr. Taylor in Dallas who removed the metal in Ford's right eye. Later the eye infection necessitated the removal of Ford's entire right eye by Dr. Taylor.

The Fords contend that the trial court erred in granting the summary judgment in favor of Dr. Ireland because there is a genuine issue of fact concerning Ireland's treatment of Ford and Ireland's summary judgment evidence was not sufficient to comply with Tex.R.Civ.P. 166–A(c). The Fords also claim the trial court erred in basing its rulings on Ford's failure to offer any controverting evidence by another expert and in the failure to grant Ford a postponement of the summary judgment hearing.

The record fails to indicate that the trial court granted Ireland's motion for summary judgment on the basis that Ford could not or did not offer an expert witness' controverting affidavit. Ford shows no harm and no abuse of discretion exists in the trial court's denial of the motion for postponing the hearing. *Cronen v. Nix,* 611 S.W.2d 651 (Tex.Civ.App.-Houston [1st Dist.] 1980), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112, (1981); *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605 (Tex. Civ.App.-Corpus Christi 1980, no writ); Tex.R.Civ.P. 166–A(f). Further, the trial court's docket sheet indicates that Ford was given an additional fifteen days to file a controverting affidavit or doctor's deposition which is permissible. *See Whitexintl Corp. v. Justin Companies,* 669 S.W.2d 875 (Tex.App.-Fort Worth 1984, writ ref'd n.r.e.). We therefore overrule the Fords' contentions concerning these points.

Since the Fords failed to file any response seeking avoidance of Ireland's motion for summary judgment on other issues, they can only attack the legal sufficiency of the grounds expressly raised by Ireland's motion. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Tex.R.Civ.P. 166–A requires a defendant who moves for summary judgment on an essential element of the plaintiff's case to establish that there exists no genuine issue of material fact on that element. The burden is on the movant to establish that he is entitled to judgment as a matter of law. *Bradley v. Quality Serv. Tank Lines,* 659 S.W.2d 33 (Tex. 1983). The movant/defendant must show that by uncontroverted evidence the plaintiff had no cause of action against him on all of the theories alleged. *Rhudy v. Diamond Shamrock Corp.,* 670 S.W.2d 291 (Tex.App.-Houston [1st Dist.] 1983, no writ). Any doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmovant and if differing inferences may reasonably be

drawn from the evidence a summary judgment should not be granted. *Rhudy v. Diamond Shamrock Corp.,* supra. Furthermore, presumptions and burden of proof required in an ordinary and conventional civil trial are immaterial to the burden that the movant for summary judgment must bear. *See Missouri, etc. v. City of Dallas,* 623 S.W.2d 296 (Tex.1981).

 Tex.R.Civ.P. 166–A(c) allows the use of an interested party or expert testimony alone to support a motion for summary judgment where the subject matter is such that a trier of fact must be guided solely by the opinion testimony of experts, and such expert summary judgment evidence is clear, positive, direct, and free from contradictions and inconsistencies and could have been readily controverted. *Milkie v. Metni,* 658 S.W.2d 678 (Tex.App.-Dallas 1983, no writ); *Cloys v. Turbin,* 608 S.W.2d 697 (Tex.Civ.App.-Dallas 1980, no writ); *Duncan v. Horning,* 587 S.W.2d 471 (Tex.Civ.App.-Dallas 1979, no writ). "Readily controverted" has been interpreted to mean either the mere opportunity to controvert the summary judgment expert testimony or that the testimony is susceptible of being controverted. *See Duncan v. Horning,* supra. However, where affidavits conclude generally, as in this case, that there is no negligence or if negligence, no proximate cause, then the granting of a summary judgment in a malpractice case is improper. *Coan v. Winters,* 646 S.W.2d 655 (Tex.App.-Fort Worth 1983, writ ref'd n.r.e.).

We find no summary judgment evidence which directly refutes the Fords' cause of action involving informed risk in the delay of removing the splinter of metal from his eye. Where the cause of action is based on the failure of the physician to disclose or adequately disclose the risks and hazards involved in a medical or surgical procedure rendered by that physician, the only theory of recovery is negligence in failing to disclose such risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent, and not what a physician of like training in the same locality under the same or similar circumstances would have done. *Peterson v. Shields,* 652 S.W.2d 929 (Tex.1983). In this case the summary judgment evidence including the medical records introduced to the trial court failed to specifically address the type of disclosure which is required for the particular procedure in issue in this case under the doctrine set out in *Peterson v. Shields,* supra. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 6.04(a), (b) (Vernon Supp.1985).

Since we find that Ireland's motion for summary judgment fails to show by uncontroverted evidence that the plaintiff had no cause of action against him on all of the theories alleged, we hereby reverse and remand this entire cause to the trial court.