**Roy C. NICHOLSON, Appellant,**

v.

**Sadeque NAFICY, Appellee.**

**No. 01–87–00337–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 24, 1987.

Rehearing Denied March 17, 1988.

Elliot M. Cin, Hardy, Milutin, Johns & Sherrod, Houston, for appellant.

Fred V. Sutherland, Michael C. Neel & Associates, Houston, for appellee.

Before WARREN, DUNN and COHEN, JJ.

COHEN, Justice.

This is an appeal from a take nothing summary judgment in a medical malpractice case.

Appellant, Roy C. Nicholson, sued appellee, Dr. Sadeque Naficy, for medical malpractice arising from appellee's treatment of appellant's fractured jaw. Appellant's petition asserted that appellee was negligent:

1. In failing to properly diagnose;

2. In failing to possess the requisite degree of skill or training to treat appellant's condition;

3. In failing to remove the molar in question at the time of the initial surgery;

4. In failing to consult with an oral surgeon;

5. In placing wires in appellant's mouth in such a location as to irritate the mouth tissue;

6. In permitting appellant to suffer infection; and

7. In failing to obtain appellant's informed consent to the treatment.

To recover for a medical malpractice, a plaintiff must establish:

(1) a legally cognizable duty requiring the physician to conform to a certain standard of conduct;

(2) the applicable standard of care and its breach;

(3) actual injury to the plaintiff;

(4) a reasonably close causal connection between the breach of the standard of care and the complained of harm.

See *Cloys v. Turbin,* 608 S.W.2d 697, 700 (Tex.Civ.App.—Dallas 1980, no writ); *see also* Perdue, *The Law of Texas Medical*

*Malpractice,* 22 Hous.L.Rev. 1, 47 (2d ed. 1985).

To obtain a summary judgment, the doctor must show by uncontroverted evidence that the patient has no cause of action against him on any theory alleged. *Ford v. Ireland,* 699 S.W.2d 587 (Tex.App.—Texarkana 1985, no writ). The doctor-movant will prevail if he establishes, as a matter of law, that no genuine issue of material fact exists as to one or more elements of the patient's cause of action. *Wheeler v. Aldama—Luebbert* 707 S.W.2d 213 (Tex.App.—Houston [1st Dist.] 1986, no writ). Any doubts about the existence of a genuine issue of a material fact must be resolved in favor of the nonmovant, and if differing inferences may reasonably be drawn from the evidence, a summary judgment should not be granted. *Ford v. Ireland,* 699 S.W. 2d at 588–589; *see also Montgomery v. Kennedy,* 669 S.W.2d 309, 310–311 (Tex. 1984).

Appellant asserts in his first of five points of error that the trial court erred in granting summary judgment because the evidence failed to establish as a matter of law that appellee was not negligent in failing to properly diagnose his infected jaw.

Dr. Naficy's summary judgment proof consisted of an affidavit by Dr. Oscar Maldonado and references to depositions by Dr. Maldonado and himself.

Dr. Maldonado's affidavit did not directly discuss the issue of proper diagnosis. It states:

> It is evident from the medical records, as well as from my examination of Mr. Nicholson, that he developed a tissue infection following the surgical repair of his fractured mandible. The cultures of his wound revealed the presence of staph epidermidis and beta hemolytic strep (non-A, non-B, non-D group). Staph epidermidis is a common organism found on the skin and is rarely associated with an infectious process. Similarly, beta hemolytic strep is commonly present in the mouth. Normally this bacteria exists in the oral cavity without causing any harm, however, in the presence of tissue trauma it can become virulent and cause an infection, such as in Mr. Nicholson's case.
>
> Based on the laboratory and clinical findings of this patient, and my own training and experience, it is my opinion based on a reasonable medical probability that Mr. Nicholson's infection originated from the bacteria present in his own mouth. Therefore, I am also able to say that it is most unlikely that the bacteria responsible for his infection was transmitted from the hospital environment or the hospital personnel.

The affidavit does not establish that appellee was not negligent in his failure to diagnose the infection.

The summary judgment motion asserts that two days after the surgery, infection was detected in the surgical area, and appellee prescribed antibiotics. Appellee relied on certain pages of his and Dr. Maldonado's depositions that "confirmed" appellee's diagnosis of the infected tissue.

Appellee's deposition testimony states, "When I first saw that there was the appearance of swelling and some redness in the incision line or suture line of operation, then I started him on antibiotics." Appellee also stated that this was six days after appellant entered the hospital and two days after the surgery.

Dr. Maldonado's deposition testimony merely states that he saw appellant and that appellant required oral surgery to clean all the infected tissue.

■ The affidavit and the depositions do not establish that there is no genuine fact issue on some element of the claim for failure to diagnose the infection. The summary judgment proof[1] did not establish an

---

1. The court's judgment does not recite that it considered Dr. Naficy's deposition, but only that it reviewed the pleadings, the motion, and appellant's response to the motion. None of these refer to the language in the dissenting opinion about daily washing and cleaning, which is found at p. 78 of Dr. Naficy's deposition. That page was not cited, quoted, attached to any motion or response, or relied on in the trial court or in this Court by any party to establish the standard of care. We do not believe that an appellate court is free to search the entire

applicable standard of care, nor did it establish that appellee did not breach this standard. Specifically, it did not state what steps should have been taken during the six days of Dr. Naficy's care to prevent or detect infection, and that such procedures were properly executed.

Appellant's first point of error is sustained.

The judgment is reversed, and the cause is remanded.

DUNN, J., dissenting.

DUNN, Justice, dissenting.

I respectfully dissent.

The summary judgment evidence *did establish uncontroverted proof of an applicable standard of care* in diagnosing appellant's infectious condition, and also established that the appellee did not violate this standard of care.

Uncontroverted deposition testimony of Dr. Naficy established that there were two methods recognized as good medical practice in the control of infection. One accepted method is to use prophylactic antibiotics immediately, and the other method is to wait before using antibiotics until "the first sign of infection." Dr. Maldonado agreed in his deposition testimony that the first sign of infection is the appearance of cellutitis in the area and this indicates also where the infection is coming from. This testimony was uncontroverted.

Dr. Naficy, in discussing his treatment of the wound, testified by way of deposition that ... "I went there everyday, washed it, cleaned it and so forth...." and "when I first saw that there was the appearance of swelling and some redness in the incision line, or suture line, of operation, then I started him on antibiotics."

There is no evidence in the record controverting the above.

In my opinion, the summary judgment testimony established as a matter of law that the appellee was not negligent in his diagnosis of appellant's infectious condition.

Further, a careful examination of the summary judgment proof supports the court's ruling on all other points of error urged by the appellant.

I would affirm the judgment of the trial court.

record, including materials not cited to or relied on by the trial court, to support the judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671 (Tex.1979). Such an exercise requires this Court to take extraordinary steps to support the judgment, contrary to the standard of review that controls our review of summary judgments.