Ruth BLAKE, Appellant,

v.

INTCO INVESTMENTS OF TEXAS, INC. d/b/a Sierra Royale Hotel, Appellee.

No. 04–02–00915–CV.

Court of Appeals of Texas, San Antonio.

Oct. 22, 2003.

Linda A. Altier, Tyler, for Appellant.

Mark R. Stein and Katherine M. Willis, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS SPEEDLIN, Justice.

Ruth Blake ("Blake") appeals a no-evidence summary judgment granted in favor of Intco Investments of Texas, Inc. d/b/a Sierra Royale Hotel ("Intco"). We affirm the trial court's order granting Intco summary judgment and dismissing Blake's claim.

### BACKGROUND

While a registered guest at the Sierra Royale Hotel, Blake fell down the carpeted stairs within her suite, and later filed a premise liability lawsuit. Approximately seventeen months later, Intco filed a no-evidence motion for summary judgment on the basis that there was "no evidence that a breach by Defendant proximately caused Plaintiff's injuries." As part of its no-evidence motion for summary judgment, Intco attached excerpts from four depositions. Blake filed a response but presented no additional evidence. After a hearing, the trial court granted the summary judgment. On appeal, Blake raises four issues challenging the trial court's judgment for (1) failing to continue the summary judgment until discovery was substantially complete; (2) considering deposition excerpts not properly before the court; (3) granting the summary judgment based on conclusions not founded in law or facts; and (4) granting the summary judgment although Blake's amended petition raised additional claims of general negligence not addressed by the motion.

### ADEQUATE TIME FOR DISCOVERY

Under the Texas Rules of Civil Procedure, a no-evidence motion for summary judgment should be filed after the non-movant has had "adequate time for discovery." TEX.R. CIV. P. 166a(i). An adequate time for discovery is determined by such factors as the nature of the case, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case had been active in the trial court. *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex.App.-San Antonio 2001, pet. denied). We review the trial court's determination that there has been an adequate time for discovery under an abuse of discretion standard. *Moorehouse v. Chase Manhattan Bank*, 76 S.W.3d 608, 612 (Tex.App.-San Antonio 2002, no pet.).

In her unsworn response to the motion for summary judgment, Blake sought a continuance of the hearing be-

cause Intco had not answered written discovery, and none of Intco's witnesses had been deposed. Blake now argues, without citing legal authority, that the failure of the trial judge to continue the summary judgment hearing until discovery was substantially complete violated her constitutional rights of due process and equal protection. Whether to grant a motion for continuance is within the sound discretion of the trial court. *See Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996). When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file an affidavit explaining the need for further discovery or a verified motion for continuance. *Id.* Blake did neither. Therefore, the trial court did not abuse its discretion in denying her motion for continuance. We overrule issue one.

### USE OF DEPOSITION TESTIMONY

■ In her second point of error, Blake complains that Intco supported their no-evidence motion for summary judgment with excerpts from Blake's own deposition which she claims were not properly before the court. Specifically, Blake maintains her deposition was not on file with the Court and Intco did not file a proper statement of intent to use the non-filed discovery as summary judgment proof. We disagree.

■ Discovery used to support a summary judgment motion can be filed separately or attached to the motion. *McConathy v. McConathy*, 869 S.W.2d 341, 342 n. 2 (Tex.1994). Rule 166a(d) of the Texas Rules of Civil Procedure permits discovery not on file with the court to be used as summary judgment evidence as long as the party files and serves a statement of intent to use unfiled discovery as summary judgment proof and attaches copies of the unfiled discovery. Tex.R. Civ. P. 166a(d).

This requirement is satisfied when the discovery is attached to the motion and the motion clearly relies on the attached discovery as support. *McConathy*, 869 S.W.2d at 342 n. 2.

In its no-evidence motion, Intco attached deposition excerpts from four individuals. In addition, within the body of its motion, Intco set forth the specific testimony it believed demonstrated that Blake had not and could not present any evidence of what caused her fall. Because Intco complied with the requirements on the use of unfiled discovery as set forth in Rule 166a(d), we overrule Blake's second point of error.

### NO EVIDENCE MOTION

■ In her next point of error, Blake maintains the trial court erred in granting the summary judgment "based on conclusions not founded in law or facts." Blake specifically argues that Intco asked Blake to go beyond her burden of proof.

Our review of the trial court's rendition of summary judgment is *de novo. Reynosa v. Huff,* 21 S.W.3d 510, 512 (Tex.App.-San Antonio 2000, no pet.). When a trial court does not state the basis for its decision in its summary judgment order, as in this case, we must uphold the order if any of the grounds in the summary judgment motion can be sustained. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001); *Bradley v. State ex rel White,* 990 S.W.2d 245, 247 (Tex.1999).

In a no-evidence motion for summary judgment, the movant must specify what element or elements of the adverse claim is being challenged as lacking evidentiary support. TEX.R. CIV. P. 166a(i); *Graves v. Komet,* 982 S.W.2d 551, 553 (Tex.App.-San Antonio 1998, no pet.). Although not required by the rule to submit any evidence, Intco attached deposition excerpts to its motion and then detailed the specific summary judgment evidence on which it relied.

Intco also alleged that Blake had not and could not present any evidence of what caused her fall to establish a breach of duty owed by Intco to Blake or that any breach proximately caused Blake's injuries. We find Intco sufficiently challenged two elements of Blake's premise liability claim. *See* Tex.R. Civ. P. 166a(i).

The burden then shifted to Blake to produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *See Howell v. Hilton Hotels Corp.*, 84 S.W.3d 708, 715 ( (Tex.App.-Houston [1st Dist.]) 2002, pet. denied); *General Mills Restaurants, Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). The comment to rule 166a(i) states that "[t]o defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex.R. Civ. P. 166a cmt.; *Saenz v. Southern Union Gas Co.* 999 S.W.2d 490, 493 (Tex.App.-El Paso 1999, pet. denied). The rule explicitly provides, however, that in response to a no-evidence motion, the respondent must present some summary judgment evidence raising a genuine issue of material fact on the elements attacked, or the motion must be granted. Tex.R. Civ. P. 166a(i); *Saenz*, 999 S.W.2d at 494.

In this case, Blake filed a summary judgment response, but failed to attach any evidence to her response. Although the nonmovant is not required to "needlessly duplicate evidence already found in the court's file," she is required to ensure that the evidence is properly before the trial court for its consideration in ruling on the motion for summary judgment. *Saenz*, 999 S.W.2d at 494. Here, Blake's response did not request that the trial court take judicial notice of any deposition testimony. Nor did she, within her re-sponse, cite, quote, or otherwise point out to the trial court testimony she relied on to create a fact issue. The trial court was not required to search the record for evidence raising a material fact issue without more specific guidance from Blake. *See Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 81 (Tex.1989) (holding general references to a voluminous record do not direct trial courts and parties to evidence on which the movant relies); *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex.App.-Houston [1st Dist.] 1996, no writ)(stating a trial court does not abuse its discretion when it does not consider summary judgment proof to which it was not directed).

Even on appeal, Blake does not cite or quote testimony from the summary judgment record that she believes creates a fact issue. An appellant has a duty to show that the record supports her contentions. *Hall v. Stephenson*, 919 S.W.2d 454, 466 (Tex.App.-Forth Worth 1996, writ denied). As an appellate court, we are not required to search the record for a scintilla of evidence raising a material fact issue without more specific guidance. *Id.* at 467. In addition, an appellate court is not free to search the entire record, including materials not cited to or relied on by the trial court. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Nicholson v. Naficy*, 747 S.W.2d 3, 4 n. 1 (Tex.App.-Houston [1st Dist.]1987, no writ) (stating that to search the entire record would require an appellate court to take extraordinary steps to support the judgment, contrary to standard of review). Under the circumstances of this case, we conclude that Blake failed to carry her burden to produce evidence. Accordingly, the trial court was required to grant summary judgment. We overrule point of error three.

## AMENDED PETITION

█ Lastly, in her fourth point of error, Blake argues that the trial court erred in dismissing her entire suit because she had amended her petition to add general negligence claims which were not addressed in Intco's motion for summary judgment. Plaintiff's First Amended Original Petition adds the more specific claim that Intco "negligently created an unsafe condition when it permitted the stairs to be carpeted in an unsafe or dangerous manner, ..." Previously, Blake had simply claimed Intco owed a duty of reasonable care "to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers."

█ An invitee who is injured on a business premise may bring suit based on either a negligent activity theory or a premise defect theory. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992); *Wal–Mart Stores, Inc. v. Bazan*, 966 S.W.2d 745, 746 (Tex.App.-San Antonio 1998, no writ). Recovery for a negligent activity requires that the plaintiff was injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch*, 845 S.W.2d at 264; *Wal–Mart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67 (Tex.App.-San Antonio 2000, pet. denied). By contrast, recovery for a premises defect claim is based on the premises themselves being unsafe. *Keetch*, 845 S.W.2d at 264; *Garza*, 27 S.W.3d at 67.

At the time of summary judgment, Blake's First Amended Petition did not assert that she was injured by an ongoing activity. Instead, she only asserted she was injured by improperly installed carpet. Blake did not assert that the installation of carpet was contemporaneous with her injury. *See Keetch*, 845 S.W.2d at 264. Sub-

stantively, Blake's pleadings maintained a cause of action for premise liability, and not negligence. Therefore, the trial court did not err by granting Intco's no-evidence motion for summary judgment.

## CONCLUSION

Having overruled all of Blake's issues on appeal, we affirm the trial court's order.

Dissenting Opinion by ALMA L. LÓPEZ, Chief Justice.

ALMA L. LÓPEZ, Chief Justice, dissenting.

The majority relies on case law stating that an appellate court is not required to search through a voluminous record for evidence raising a material fact issue. See *Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 81 (Tex.1989) (noting reference to voluminous record insufficient); *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex.App.—Houston [1st Dist.] 1996, no writ) (court not required to sift through 500 page deposition); *Hall v. Stephenson*, 919 S.W.2d 454, 466 (Tex.App.—Fort Worth 1996, *writ denied*) (reference to 1,000 pages of enclosures and schedules insufficient). The majority also relies on case law stating that an appellate court is not free to search an entire record for materials that are not cited. *See Nicholson v. Naficy*, 747 S.W.2d 3, 4 n. 1 (Tex.App.—Houston [1st Dist.] 1987, no writ) (refusing to consider page of deposition that was not attached to any motion or response). What the majority fails to explain, however, is why this court, under a de novo standard of review, should not at least look at the deposition excerpts cited in Intco's motion in context to determine whether the trial court properly granted summary judgment, particularly when the response states, "The excerpts of witnesses' testimonies discussed

in Defendant's motion, show Plaintiff was walking down the stairs when she fell."

Intco's motion cites the trial court to lines 19–22 on page 25 of the deposition of Willard Blake, the plaintiff's son; however, Intco fails to cite the trial court to the excerpt in its proper context. Simply reviewing the remainder of that single page of deposition testimony is sufficient to raise a genuine issue of material fact in this case. Placing lines 19–22 in context by reviewing lines 7–25 on that same page of deposition testimony reveals the following testimony:

Q. (BY MS. HOBBS) When is the last time that you saw those photographs before today?

A. It would be a couple years ago.

Q. And where did you see those photographs when you saw them a couple years ago?

A. I honestly don't know if I was at my mother's house or my house. She just happened to show them to me.

Q. And did she tell you why she was showing them to you?

A. At that time she just said this is where I fell.

Q. She never pointed out to you on any of the photographs, this is the step where I began my fall, did she?

A. Not that I remember.

Q. And what were your comments to her when she showed you the photographs.

A. The carpet was installed improperly.

Similarly, reviewing lines 1–20 of page 18 of the testimony of David Deadson, the plaintiff's grandson-in-law, puts the excerpt from lines 11–14 cited in Intco's motion into proper context. Lines 1–20 of the same page of deposition testimony contain the following testimony:

Q. Did she tell you why?

A. She mentioned from all the pain and the problems that she's experienced since the accident that she felt she was going to—like I say, she was going to look into the possibility of, you know, holding the place we stayed liable.

Q. Did she say why she was going to do that?

A. I believe because she felt that it was because of the condition that existed on the stairs, that it was their fault that she was injured.

Q. Ruth Blake has never told you that the stairs or the condition of the stairs is what caused her to fall, has she?

A. No.

Q. And you're not here to offer any testimony that the condition of the stairs is what caused her to fall, are you?

A. I personally believe it was.

Q. Did you witness her fall?

A. Yes, I did.

Finally, reviewing lines 2–8 of page 35 of Deadson's deposition in conjunction with the excerpt cited by Intco from lines 22–24 reveals the following testimony:

A. Going down the stairs there are several places that have—where the carpet overlaps the end of the beginning of the step, there were several places that gave a false foothold, approximately one to two inches over the end of the step, so it would be if you went to step on it, you would not have a firm wooden platform underneath the carpet to stand on.

I disagree that reviewing the eleven pages of deposition testimony attached to Intco's motion was beyond the scope of what is required of this court in a de novo review. We would not be searching the entire record for materials not cited to the trial court. We would be reviewing the pages of deposition testimony cited by Intco in its motion in proper context.

The trial court's order states that the court considered the motion, response, and "supporting evidence." Just as I would expect the trial court to have taken the time to read the eleven pages of deposition excerpts attached to Intco's motion and referenced by Blake in her response, I also expect the same of this court. *See Berry v. City of Reno,* 107 S.W.3d 128, 134 (Tex. App.-Fort Worth 2003, no pet.) (conducting close review of 90 pages of summary judgment evidence in reviewing whether summary judgment was properly granted); *Barraza v. Eureka Co.,* 25 S.W.3d 225, 229–30 (Tex.App.-El Paso 2000, pet. denied) (distinguishing Guthrie which is cited by majority where record totaled 278 pages and reviewing record de novo). After reviewing these excerpts, I would hold that the deposition excerpts raise a genuine issue of material fact on the challenged elements. Because the majority holds to the contrary, I respectfully dissent.