

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00408-CV

Buck **MURRAY**,
Appellant

v.

**THE HONDO NATIONAL BANK**,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVCD-17-0000236
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: September 23, 2020

AFFIRMED

This is an appeal from a final judgment authorizing the Hondo National Bank ("the Bank")
to recover the unpaid balance on a promissory note from guarantor Buck Murray. On appeal,
Murray argues the trial court erred by sustaining the Bank's objections to his summary judgment
evidence and by granting the Bank's traditional and no-evidence summary judgment motions. We
affirm.

**BACKGROUND**

The Bank loaned $20,000.00 to the Bandera Community Foundation, Inc. ("the Foundation"), in May 2015. As part of this transaction, Murray signed a guaranty agreement in which he personally guaranteed the Foundation's payment of the promissory note to the Bank. Before the note was repaid, the Foundation refinanced the original loan and signed another promissory note, agreeing to make monthly payments of $250.00 on the outstanding balance and a final payment of $12,323.35 on November 23, 2019. When the Foundation failed to make payments on the note as required, the Bank demanded payment from Murray under the guaranty agreement. However, Murray refused to pay the unpaid balance on the note. The Bank accelerated the note and sued Murray under the guaranty agreement to recover the unpaid balance on the note.

Murray answered the Bank's suit with a general denial. He also asserted multiple affirmative defenses and counterclaims. After conducting discovery, the Bank moved for no-evidence summary judgment on Murray's affirmative defenses and counterclaims. The Bank also moved for traditional summary judgment on its claim to recover under the guaranty agreement. The Bank attached to its traditional summary judgment motion the promissory notes and the guaranty agreement signed by Murray. Murray filed a response to the Bank's summary judgment motion and attached evidence to it. In his response, Murray broadly argued that the evidence attached to his response raised a fact issue as to several of his affirmative defenses and a counterclaim. The Bank filed objections to Murray's evidence, many of which were sustained by the trial court.

The trial court granted the Bank's motions for traditional and no-evidence summary judgment, and rendered a final judgment authorizing the Bank to recover from Murray $18,533.66 for the unpaid balance and interest on the note and $15,771.84 for attorney's fees. Murray appealed.

**DISCUSSION**

Murray presents ten issues on appeal. In his first through seventh issues, Murray complains about the trial court's evidentiary rulings, and in his eighth through tenth issues, Murray complains about the trial court's summary judgment rulings. We begin our discussion by addressing Murray's complaints about the summary judgment rulings.

In his eighth, ninth, and tenth issues, Murray argues the trial court erred by granting the Bank's summary judgment motions because he produced evidence raising a genuine issue of material fact as to his affirmative defenses of breach of fiduciary duty, fraud by non-disclosure, and mutual mistake, and his counterclaim for breach of fiduciary duty.[1]

*Summary Judgment Law and Standard of Review*

We review a trial court's orders granting summary judgment de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). To prevail on a traditional summary judgment motion, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*; TEX. R. CIV. P. 166a(c).

Under Rule 166a(i) of the Texas Rules of Civil Procedure, a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). "The [trial] court must grant the motion unless the respondent produces evidence raising a genuine issue of material fact." *Id.*

---

[1]Although Murray pleaded other affirmative defenses and counterclaims, on appeal he only addresses the issues of mutual mistake, fraud by non-disclosure, and breach of fiduciary duty. Because Murray does not challenge the granting of summary judgment as to his other affirmative defenses and counterclaims, we cannot address these rulings on appeal. *See Ontiveros v. Flores*, 218 S.W.3d 70, 71 (Tex. 2007) (concluding the court of appeals erred by reversing summary judgment as to claims the appellant did not challenge on appeal).

A no-evidence summary judgment motion must state the elements for which there is no evidence. *Id*.; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the respondent to produce evidence raising a genuine issue of material fact as to the elements challenged in the motion. TEX. R. CIV. P. 166a(i).; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). To defeat a no-evidence motion, the respondent must produce evidence raising a genuine issue of material fact as to the challenged elements. TEX. R. CIV. P. 166a(i). "[T]he respondent is not required to marshal [his] proof; [his] response need only point out evidence that raises a fact issue on the challenged elements." *Id*. (cmt.—1997).

Under well-settled legal precedent, a respondent to a no-evidence summary judgment motion must specifically identify in his response the supporting proof he seeks to have considered by the trial court. *Solomon v. Whataburger Rests., LLC*, No. 04-17-00255-CV, 2018 WL 2121360, at *1 (Tex. App.—San Antonio May 9, 2018, no pet.) (mem. op.); *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.). "General references to the summary judgment record are inadequate to meet the [respondent's] evidentiary burden." *Hinojosa v. Koen*, No. 04-18-00907-CV, 2019 WL 5773672, at *3 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.). "Attaching entire documents and depositions [] to a response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the [] response are raised." *Arredondo*, 198 S.W.3d at 238-39. Neither this court nor the trial court is required to wade through the record to determine if the respondent carried his burden to produce evidence raising a genuine issue of material fact as to the elements specified in the no-evidence motion. *Id*. at 238; *see Hinojosa*, 2019 WL 5773672, at *3. "When a summary judgment respondent fails to direct the [] court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment." *Leija v. Laredo*

*Cmty. Coll.*, No 04-10-00140-CV, 2011 WL 1499440, at *5 (Tex. App.—San Antonio Apr. 20, 2011, no pet.) (mem. op.).

<u>*No-Evidence Summary Judgment on Murray's Affirmative Defenses and Counterclaims*</u>

In its no-evidence summary judgment motion, the Bank challenged specific elements of Murray's affirmative defenses and counterclaims. However, in his response, Murray did not specifically identify the proof he sought to have considered by the trial court, nor did he point to the evidence that supported each challenged element of his affirmative defenses and his counterclaim. Instead, Murray generally argued that he "submitted enough evidence to support his claims and affirmative defenses which would require the court to deny" the Bank's traditional and no-evidence motions for summary judgment. Murray's response listed the evidence attached to it, then broadly asserted that this evidence was "sufficient to support the elements of his respective causes of action and affirmative defenses." The evidence attached to Murray's response, which consists of two affidavits, the deposition testimony of two witnesses, and numerous documents produced in discovery, exceeds two hundred pages. Because Murray failed to specifically identify any supporting proof in his response, we must conclude Murray failed to present evidence raising a genuine issue of material fact as to the challenged elements. *See Hinojosa*, 2019 WL 5773672 at *3 (concluding the trial court did not abuse its discretion by excluding respondents' evidence not specifically cited in their summary judgment response); *Leija*, 2011 WL 1499440, at *5 (concluding no fact issue was raised to defeat a no-evidence motion when the respondent generally pointed to his 173-page deposition to support his argument); *Arredondo*, 198 S.W.3d at 239 ("Because plaintiffs' response did not direct the trial court to any specific portion of their summary judgment evidence, plaintiffs failed to raise a fact issue sufficient to defeat appellee's no-evidence

motion for summary judgment."). Therefore, we hold that the trial court properly granted the Bank's no-evidence summary judgment motion.[2]

*Traditional Summary Judgment on the Guaranty Agreement*

To succeed on its traditional summary judgment motion, the Bank had to establish that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law on its claim to recover under the guaranty agreement. *See* TEX. R. CIV. P. 166a(c). Murray does not argue the Bank failed to meet its traditional summary judgment burden on this claim. Murray only complains that he presented evidence raising a genuine issue of material fact as to some of his affirmative defenses and one of his counterclaims. We have already concluded the trial court properly granted the Bank's no-evidence summary judgment on Murray's affirmative defenses and counterclaims. Therefore, we hold the trial court properly granted the Bank's traditional summary judgment motion.

*Evidentiary Rulings*

Finally, in his first through seventh issues, Murray argues the trial court erred by sustaining the Bank's objections to his summary judgment evidence. However, these evidentiary issues have no bearing on the final disposition of this appeal. We have already determined that Murray failed to raise a genuine issue of material fact on each of the challenged elements of his affirmative defenses and counterclaim by failing to specifically identify his proof in his summary judgment response. Based on our resolution of Murray's summary judgment issues, Murray's evidentiary issues are unnecessary to the final disposition of this appeal. *See* TEX. R. APP. P. 47.1 (requiring

---

[2]Even in his appellate brief, Murray fails to cite to the specific summary judgment evidence raising a fact issue on each of the challenged elements of his affirmative defenses and counterclaim. As the appellant, Murray has a duty to show that the record supports his contentions. *See Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.). "As an appellate court, we are not required to search the record for a scintilla of evidence raising a material fact issue without more specific guidance." *Id*.

appellate court opinions to address only the issues raised and necessary to the final disposition of the appeal).

**CONCLUSION**

The trial court's judgment is affirmed.

Irene Rios, Justice
