**Affirmed and Memorandum Opinion filed May 15, 2014.**



In the

## 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

**NO. 14-13-00086-CV**
**NO. 14-13-00088-CV**

## MOON SUN (CASEY) KANG, KATHLEEN (KATIE) LEE, and SANG PIL (SCOTT) LEE, Appellants

**V.**

## BRUCE W. DERRICK, Appellee

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-12226**

## M E M O R A N D U M   O P I N I O N

In this case, appellee Bruce W. Derrick brought suit against appellant Moon Sun (Casey) Kang, and appellants Kathleen (Katie) Lee and Sang Pil (Scott) Lee (the "Lees") for breach of a commercial lease agreement (the "Lease"). Kang and the Lees brought assorted counterclaims and alleged various affirmative defenses. Derrick moved for no-evidence summary judgment as to Kang's and the Lees'

counterclaims and affirmative defenses. The trial court granted Derrick's no-evidence motion for summary judgment in an interlocutory order and later denied reconsideration of its order. At trial, the jury found that Kang failed to comply with the lease, and that the Lees were assignees who consented to be bound by and failed to comply with the lease. The jury awarded damages and attorney's fees to Derrick, and the trial court rendered final judgment.

In this appeal, in three related issues, Kang and the Lees challenge the trial court's grant of a no-evidence summary judgment in favor of Derrick, and the court's denial of their motions to compel and for sanctions. In addition, Kang argues that the trial court erred by rendering judgment for damages and attorney's fees jointly and severally against him and the Lees. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2000, Derrick, as landlord, and Kang, as tenant, entered into the Lease for commercial space located within a shopping center in Webster, Texas. In October 2004, the Lees began occupying the premises leased by Kang and began paying rent for the space. The Lees continued to occupy the space until the end of the Lease in February 2005 and then remained on a month-to-month basis. The Lease was not modified, and no new lease agreement was ever executed. The Lees failed to timely pay all rent and other charges owed to Derrick under the terms of the Lease. Ultimately, Derrick formally requested that the Lees vacate the premises.

In February 2009, Derrick filed suit for breach of the Lease against Kang. Derrick added the Lees as defendants in April 2010. Kang and the Lees filed counterclaims for violations of the DTPA, fraud, fraud by nondisclosure, fraud in a real estate transaction, and negligent misrepresentation. They also alleged various affirmative defenses: duress, estoppel, failure of consideration, fraud, waiver,

2

payment, laches, release, accord and satisfaction, and ratification.

On December 29, 2010, Derrick filed a motion for no-evidence summary judgment as to all of Kang's and the Lees' counterclaims and affirmative defenses. Kang and the Lees responded, objecting that Derrick's motion was untimely and that it did not specify which elements of Kang's and the Lees' counterclaims and defenses were being challenged. To their responses, Kang and the Lees attached: an affidavit by Kang with multiple exhibits; an affidavit by Katie Lee with multiple exhibits; an affidavit by Thomas Clayton, counsel for the Lees, with an exhibit; an "Accounting entitled K's Art & Frame, Assuming Ne [sic] Lease Signed in 2005"; and an "Accounting by defendants of amounts paid and charged." Kang and the Lees also filed a motion to compel and for sanctions, a motion for continuance of the summary judgment motion, and a "supplemental [Clayton] affidavit in support of" their responses and motions.

The trial court denied Kang's and the Lees' motions for continuance. The court granted Derrick's no-evidence motion for summary judgment on February 10, 2011. Kang and the Lees moved for rehearing. The trial court held a hearing in May 2011 and permitted Kang and the Lees to resend certain defective discovery. In September 2011, Kang and the Lees filed a supplemental response to Derrick's no-evidence motion for summary judgment, as well as supplemental motions to compel and for sanctions. On September 28, 2011, the trial court denied Kang's and the Lees' motions for rehearing.

On October 26, 2011, the trial court granted Kang's and the Lees' motions to compel in part and denied their motions for sanctions. Kang and the Lees again moved for discovery sanctions, and the trial court denied their motions. A jury trial was held in October 2012 on Derrick's breach of the Lease claims, and the jury found in favor of Derrick. Specifically, the jury found that Kang failed to

3

comply with the Lease, the Lees were assignees of the Lease, the Lees consented to the terms of the Lease, and the Lees failed to comply with the Lease. The jury awarded actual damages against Kang, actual damages against the Lees jointly and severally, and attorney's fees against Kang and the Lees jointly and severally. The trial court signed its final judgment based on the jury's verdict. Kang and the Lees both appealed.

## II.     ANALYSIS

In their first three issues, which they group together in their briefs, Kang and the Lees argue that the trial court erred in granting Derrick's no-evidence motion for summary judgment on their counterclaims and affirmative defenses, and erred in denying Kang's and the Lees' motions to compel and for sanctions. We disagree.

## A. The trial court did not err in granting summary judgment.

### 1. Rule 166a(i) requirements and standard of review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." *Id.* A no-evidence motion should not be general or conclusory. *Id.* 166a cmt. to 1997 change.

A no-evidence motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial, and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *See id.* 166a(i). We review a no-

4

evidence summary judgment de novo, construing the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpe Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (describing no-evidence motion for summary judgment as "essentially a motion for pretrial directed verdict").

Although the nonmovant need not marshal its proof, it has the burden to and must present evidence that raises a genuine issue of material fact on each of the challenged elements. Tex. R. Civ. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence summary judgment motion may not properly be granted if the nonmovant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

### 2. Specificity of the no-evidence motion for summary judgment

First, Kang and the Lees argue that Derrick's no-evidence motion for summary judgment "did not specifically allege nor challenge the specific claim or defense, or element thereof, of the Appellants of which there is no evidence." We find no merit in this argument.

Derrick's no-evidence motion tracked Kang's and the Lees' pleadings and identified their theories of liability as follows: violations of the DTPA; fraud (common-law, by nondisclosure, and in a real estate transaction); and negligent

5

misrepresentation.

With respect to the DTPA claims, Derrick asserted there was no evidence that: the Lees were consumers; Derrick committed a false, misleading, or deceptive act under section 17.46(b) of the Texas Business and Commerce Code, or engaged in an unconscionable act or practice; and Derrick's alleged actions were a producing cause of Kang's and the Lees' alleged injuries. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).

With respect to the common-law fraud claims, Derrick argued there was no evidence that: a material representation was made, it was false, Derrick knew it was false or made the representation recklessly, and he made the representation with intent that Kang and the Lees act on it. *See Lundy v. Mason*, 260 S.W.3d 482, 492 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

With respect to the fraud by nondisclosure claims, Derrick asserted there was no evidence that: Derrick concealed or failed to disclose material facts within his knowledge or he knew Kang and the Lees did not have an equal opportunity to discover the truth; and Derrick intended to induce Kang and the Lees to take some action. *See McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 585–89 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

With respect to the fraud in a real estate transaction claims, Derrick asserted there was no evidence that he made any misrepresentations, false promises, or nondisclosures to Kang and the Lees for the purpose of inducing them into entering a contract. *See* Tex. Bus. & Com. Code Ann. § 27.01 (West 2009).

With respect to the negligent misrepresentation claims, Derrick argued there was no evidence that: he supplied "false information" for the guidance of Kang and the Lees in their business; and Derrick provided a misstatement of existing fact,

6

which caused an alleged injury, independent of any breach of contract claim. *See D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663 (Tex. 1998) (per curiam); *Fed. Land Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *Eaton Metal Products, L.L.C. v. U.S. Denro Steels, Inc.*, No. 14-09-00757-CV, 2010 WL 3795192, at *6 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010, no pet.) (mem. op.).

With respect to damages, Derrick also asserted there was no evidence of: out-of-pocket or reliance damages—that Kang and the Lees gave something, the fair market value of which was more than they received; "benefit of the bargain damages"; and damages for loss of credit or damage to their credit reputation. With respect to Kang's and the Lees' request for "multiple damages," Derrick argued there was no evidence that: he acted with actual awareness of any alleged falsity, deception, or unfairness of an act or practice. *See* Tex. Bus. & Com. Code Ann. § 17.45(9) (West 2011) (knowing violation). And there was no evidence Derrick acted with actual awareness of any alleged falsity, deception, or unfairness of an act or practice or of a condition of defect constituting a breach of warranty, and with the specific intent of having Kang and the Lees act in detrimental reliance on any alleged falsity or deception or in detrimental ignorance of the unfairness. *See id.* § 17.45(13) (intentional violation).

Derrick's motion further identified Kang's[1] and the Lees'[2] affirmative defenses as follows: duress, estoppel, failure of consideration, fraud, waiver, payment, laches, release, accord and satisfaction, and ratification. With respect to duress, Derrick argued there was no evidence that: he made a threat or acted without legal justification against the Lees to destroy their free agency; and

---

[1] Kang did not plead duress, failure of consideration, or waiver.

[2] The Lees did not plead accord and satisfaction, or ratification.

7

Derrick threatened or acted against the Lees to overcome their free will. *See McMahan v. Greenwood*, 108 S.W.3d 467, 482 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

With respect to estoppel, Derrick asserted there was no evidence that he made a false representation or concealed material facts with actual or constructive knowledge of those facts, or with the intention that the representation be acted on. *See 7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 504 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

With respect to failure of consideration, Derrick argued there was no evidence that: the parties entered into any agreement other than the Lease; and Derrick either completely or partially failed to complete any promised performance under the Lease. *See Walden v. Affiliated Comp. Servs., Inc.*, 97 S.W.3d 303, 320–21 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

With respect to fraud, Derrick argued there was no evidence that: he made a material representation that was false, which he knew was false or made recklessly without any knowledge of its truth; and Derrick intended to induce Kang and the Lees to act upon the representation. *See McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 328 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

With respect to waiver, Derrick argued there was no evidence that: he intentionally relinquished a known right or intentionally acted inconsistently with claiming any right; and Derrick said or did anything inconsistent with an intent by him to rely on any of his rights. *See Cont'l Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 789 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

With respect to payment, Derrick asserted that there was no evidence of: the accounts required to be filed with Kang's and the Lees' respective pleas of

payment stating distinctly the nature of such payment; and Kang's and the Lees' pleas did not particularly describe any payments so as to provide Derrick with full notice of their character.  *See* Tex. R. Civ. P. 95; *Calzada v. Am. First Nat'l Bank*, No. 14-07-00022-CV, 2008 WL 324912, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 7, 2008, no pet.) (mem. op.); *Harrison v. Leasing Assocs., Inc.*, 454 S.W.2d 808, 809 (Tex. Civ. App.—Houston [14th Dist.] 1970, no writ).

With respect to laches, Derrick argued there was no evidence that: he unreasonably delayed in asserting his legal or equitable rights; and Kang and the Lees made a good-faith change in position to their detriment because of any alleged delay.  *See Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998).

With respect to release, Derrick asserted that there was no evidence of any of the elements needed to prove a release, which are the same as the elements of a contract[3]: an offer, an acceptance, mutual assent, execution and delivery of the release with the intent it be mutual and binding, and consideration.  *See Searcy v. DDA, Inc.*, 201 S.W.3d 319, 322 (Tex. App.—Dallas 2006, no pet.).

With respect to accord and satisfaction, Derrick argued that there was no evidence of any of the elements of a new contract which discharged Kang's existing obligation.  *See Hycarbex, Inc. v. Anglo-Suisse, Inc.*, 927 S.W.2d 103, 108 (Tex. App.—Houston [14th Dist.] 1996, no writ).

Finally, with respect to ratification, Derrick asserted there was no evidence that Derrick, through his acts, words, or conduct, approved a contract with the Lees which released Kang from any further obligation.  *See Motel Enters., Inc. v. Nobani*, 784 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1990, no writ).

---

[3] *See Vera v. N. Star Dodge Sales, Inc.*, 989 S.W.2d 13, 17 (Tex. App.—San Antonio 1998, no pet.).

The record thus reflects that, in moving for no-evidence summary judgment, Derrick specified one, more, or all essential elements of each of the claims and theories of liability and affirmative defenses Kang and the Lees alleged in their counterpetitions and answers and on which they would have the burden of proof at trial. *See Gary E. Patterson & Assocs., P.C. v. Holub*, 264 S.W.3d 180, 201 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Roventini v. Ocular Sciences, Inc.*, 111 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Accordingly, the motion complied with rule 166a(i) and was sufficiently specific to warrant a no-evidence summary judgment on each of those claims and defenses. *See* Tex. R. Civ. P. 166a(i); *Holub*, 264 S.W.3d at 201; *Roventini*, 111 S.W.3d at 724.

### 3. Adequate time for discovery

Kang and the Lees also assert that the no-evidence summary judgment was improper because they did not have adequate time to conduct discovery. We disagree.

We review a trial court's determination that there has been an adequate time for discovery for an abuse of discretion. *Specialty Realtors, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Rule 166a(i) does not require that discovery must have been completed, only that there was "adequate time." *Id.* A discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion would be permitted after the period but not before. *Id.* (citing Tex. R. Civ. P. 166a cmt. to 1997 change). Whether adequate time for discovery has passed is case specific. *Id.* We examine: the nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case had been active in the trial court. *Id.* We also may consider

10

the amount of time the no-evidence motion has been on file, whether the movant has requested stricter time deadlines for discovery, the amount of discovery that has already taken place, and whether the discovery deadlines that are in place are specific or vague. *Id.*

Here, Derrick filed his suit against Kang on February 26, 2009, and amended to add the Lees on April 9, 2010. The primary dispute centered on breach of the Lease. The original docket control order set the discovery deadline for January 1, 2010, which was extended to December 17, 2010. This discovery period was specific, and there is nothing in the record to indicate, nor do Kang and the Lees assert, that Derrick requested stricter deadlines. Derrick filed his no-evidence motion for summary judgment on December 29, 2010, 12 days after the extended discovery period ended and 22 months after he had originally filed suit, and the trial court granted the motion on February 10, 2011, 42 days after it was filed.

Prior to the extended discovery deadline, Kang had only propounded requests for disclosures and admissions, which Derrick responded to on November 20, 2009. The Lees sent requests for production on November 16, 2010, which Derrick responded to on December 6, 2010. Kang did not propound any requests for production until April 19, 2011, which Derrick responded to on May 16, 2011. Derrick's deposition was not taken until March 8, 2011, after the no-evidence summary judgment had been filed and indeed granted. *See id.* (deposition only noticed after no-evidence summary judgment motion filed). And although Kang and the Lees also sent additional discovery requests and interrogatories, it was after the discovery deadline had passed and the no-evidence summary judgment had been granted.

Furthermore, in their responses Kang and the Lees made no effort to specify the additional evidence they needed to respond to the motion, aside from "drafts of

the leases and other documentation which exceeds the trial exhibits provided by [Derrick]," or the reason they could not obtain it during the discovery period, other than due to Derrick's "delay[ing] the discovery process." *See Madison v. Williamson*, 241 S.W.3d 145, 155–56 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (no abuse of discretion where nonmovant "made no effort to specify the additional evidence she needed to respond to the motion"); *Carter v. MacFadyen*, 93 S.W.3d 307, 311 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (same where response did not indicate "what specific discovery needed to be completed").

Considering all of the above factors, we cannot conclude it was an abuse of the trial court's discretion to conclude that an adequate time for discovery had passed. *See Fuqua*, 29 S.W.3d at 145.

### 4. Allegations of discovery abuse

In their responses to Derrick's no-evidence motion, Kang and the Lees contended they "would show that the Movant's conduct has delayed the discovery process, therefore a no-evidence summary judgment is inappropriate." However, although they cited *Specialty Retailers, Inc. v. Fuqua*,[4] Kang and the Lees otherwise provided no specific argument to the trial court as to the allegedly abusive behavior by Derrick and merely cited to the entirety of an attached exhibit (an affidavit by Clayton).

Similarly on appeal, Kang and the Lees argue that Derrick resisted producing discovery, and he should not be allowed to abuse the discovery process by withholding key evidence and then use that lack of evidence to win a no-

---

[4] *See* 29 S.W.3d at 145 ("A party should not be able to abuse the discovery process, withhold key evidence from their opponents, and then use that lack of evidence to win a judgment.").

evidence judgment.  Also on appeal, Kang and the Lees continue to provide no specific argument or citations to the record as to what behavior by Derrick constituted misconduct or what allegedly withheld evidence was key, or explain how any such evidence was key.  They do little more than complain about the tardiness of the production of certain documents, most of which appear to have been produced by Derrick prior to the trial court's decision to leave the grant of summary judgment in place.[5]  However, Kang and the Lees do not explain how having this evidence prior to the trial court's granting summary judgment would have made any difference at all.  Kang's and Lee's argument thus constitutes a "mere allegation" that Derrick abused the discovery process, which "is not sufficient to justify overturning the trial court's ruling."  *See Fuqua*, 29 S.W.3d at 146.

### 5.  Kang and the Lees failed to specifically identify any supporting proof in the summary judgment record.

Because Derrick's motion was sufficient to warrant no-evidence summary judgment, the burden properly shifted to Kang and the Lees to respond to the motion by producing more than a scintilla of evidence on each of the challenged elements.  *See Roventini*, 111 S.W.3d at 724; *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 679 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("A no-evidence motion for summary judgment shifts the burden of proof to the non-movant to raise a genuine issue of material fact.").  We conclude that they failed to meet their

---

[5] In their motions for rehearing, Kang and the Lees complained that "[i]t was not until after the no-evidence partial summary judgment had been granted that [Derrick] began to deliver any relevant, material production/discovery" and argue that "[s]uch evidence would have refuted the no-evidence allegation[s]."  And in their supplemental response, Kang and the Lees described Derrick's denying the veracity of certain documents after he produced those documents after submission of the no-evidence motion as an example of his allegedly abusive conduct.  They also complain of certain allegedly less-than-consistent admissions and objections by Derrick.  However, they link none of this allegedly abusive behavior to any actual evidence, much less to its supposed importance in the context of the summary judgment.

13

burden.

In determining whether the nonmovant raised more than a scintilla of evidence in support of his claims and affirmative defenses, "we are limited to the summary judgment proof produced in the response." *Gonzales v. Servs. Lloyds Ins. Co.*, No. 14-08-00377-CV, 2009 WL 1493039, at *2 (Tex. App.—Houston [14th Dist.] May 21, 2009, no pet.) (mem. op.). On appeal, Kang and the Lees contend that the trial court erred by "insist[ing] that [they] somehow denominate what evidence supported which element of their claims and defenses." However, this is precisely what rule 166a(i) and our case law require. When a nonmovant presents summary judgment evidence in response to a no-evidence motion, that party must specifically identify the supporting proof it seeks to have considered by the trial court. *Id.* "[G]eneral citation to voluminous records is not a proper response to a no-evidence motion for summary judgment." *Eaton Metal Prods., L.L.C. v. U.S. Denro Steels, Inc.*, No. 14-09-00757-CV, 2010 WL 3795192, at *6 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010, no pet.) (mem. op.). The trial court is not required to search the record for evidence raising a material fact issue without more specific guidance from the nonmovant. *Lee v. Palacios*, No. 14-06-00428-CV, 2007 WL 2990277, at *7 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, pet. denied) (mem. op.); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.).

Kang and the Lees filed responses to Derrick's no-evidence motion for summary judgment. They attached to their responses: an affidavit by Kang with multiple exhibits; an affidavit by Katie Lee with multiple exhibits; an affidavit by Clayton, counsel for the Lees, with an exhibit; an "Accounting entitled K's Art & Frame, Assuming Ne [sic] Lease Signed in 2005"; and an "Accounting by defendants of amounts paid and charged." Kang and the Lees also filed a

14

supplemental affidavit by Clayton with an exhibit in support of their responses. These affidavits and exhibits comprise a total of 196 pages. In their responses, Kang and the Lees made no specific arguments as to any of their counterclaims or affirmative defenses, but instead generally argued: "There are multiple genuine issues of fact raised by the affidavits and exhibits in this Response." Kang's and the Lees' responses contain only one citation to any exhibit—to Clayton's first affidavit with an exhibit—and it cites to the entirety of the exhibit.

The trial court granted Derrick's no-evidence motion for summary judgment in an interlocutory order. Kang and the Lees then moved for rehearing. The trial court held a hearing on Kang's and the Lees' motions for rehearing, permitted them to resend certain defective discovery requests to Derrick, and reset for at least 60 days. The trial court specifically directed Kang and the Lees to "file a detailed SJ response with citations to SJ record in the body of the response."

Four months later, Kang and the Lees filed supplemental responses to Derrick's no-evidence motion for summary judgment. These responses had no attachments, but instead stated that they incorporated all affidavits and exhibits from the original and supplemental summary judgment responses, original and supplemental motions to compel and for sanctions, and original motion for continuance. Although the supplemental responses included headings and argument as to each of their counterclaims and affirmative defenses, Kang and the Lees once again cited to no specific evidence from the summary judgment record. In addition, when arguing that adequate time for discovery had not passed, Kang and the Lees again cited to the entirety of a Clayton affidavit,[6] and cited certain of Derrick's discovery responses and certain pages of his deposition but did not

---

[6] It is unclear which of the two Clayton affidavits is being cited. The citation also indicates such affidavit is attached as an exhibit, but it is not.

15

indicate where such documents could be located.  The trial court signed an order leaving its earlier grant of interlocutory summary judgment in Derrick's favor unchanged and denying Kang's and the Lees' motions for rehearing.

Kang's and the Lees' general citations were not sufficient to apprise the trial court of the summary judgment evidence on which they were supposedly relying. *See Eaton Metal*, 2010 WL 3795192, at *6–7.  Indeed, the trial court "stated more than once at hearings in this case that it had no obligation, nor any inclination, to sift through more than 180 pages of supposed summary judgment evidence to try to find the facts asserted in" Kang's and the Lees' responses and supplemental responses.  Moreover, even on appeal, Kang and the Lees do not specifically cite to any summary judgment evidence that they believe creates a fact issue.  *See Blake*, 123 S.W.3d at 525 ("An appellant has a duty to show that the record supports her contentions."); *see also* Tex. R. App. P. 38.1(i).  Consequently, we conclude that Kang and the Lees failed to carry their burden to produce evidence, and the trial court did not err in granting summary judgment against Kang's and the Lees' counterclaims and affirmative defenses.  *See Eaton Metal*, 2010 WL 3795192, at *6–8; *Gonzales*, 2009 WL 1493039, at *2; *Blake*, 123 S.W.3d at 525.

We overrule Kang's and the Lees' first issue.

## B. The trial court did not abuse its discretion in refusing to compel discovery.

Next, Kang and the Lees argue, combined with their first and third issues, that the trial court reversibly erred in denying their motions to compel.  We do not agree.

The longstanding general rule is that a trial court's denial of discovery is reviewed for abuse of discretion.  *Walker v. Schion*, 420 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see Ford Motor Co. v. Castillo*, 279

S.W.3d 656, 661 (Tex. 2009) ("We review a trial court's actions denying discovery for an abuse of discretion."). A trial court abuses its discretion when it reaches a result so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Castillo*, 279 S.W.3d at 661.

The Lees'[7] initial motion to compel simply complained of "limited response" and the lack of "proper objections" by Derrick to the Lees' "request for production." The Lees supplemented their motion with exhibits (the request for production and a letter from their counsel to Derrick), and then a supplemental affidavit from their counsel. According to the trial court's docket sheet, the Lees were then supposed to file a supplement to their motion "discussing the categories of outstanding documents in detail." At the motion for rehearing of the no-evidence summary judgment, the trial court indicated that Kang and the Lees should resend their defective discovery "with specific requests for categories of documents." Kang and the Lees then propounded additional requests. After Derrick responded, both Kang and the Lees filed supplemental motions to compel, attaching Derrick's objections and responses. The trial court held a hearing on the motions to compel and partially granted them.

In their brief, Kang and the Lees fail to direct this court to what specific discovery requests were at issue, what objections Derrick may have made to such requests, and any legal basis for the trial court's sustaining or overruling any objection. They also provide no citation to authority and no analysis applying any authority to the facts. Kang and the Lees essentially attempt to support their contention that the trial court erred by recounting discussions that occurred during the hearing on the motions to compel. However, the record reflects that despite its

---

[7] The record does not contain an initial motion to compel filed by Kang, likely because he did not propound any requests for production until after the no-evidence motion had been granted.

efforts to decipher the motions to compel, the trial court was having difficulty because Kang and the Lees were "not approaching these things from a standpoint of, let me tell you a logical story that goes in a linear fashion and explains to [the court] why [you're] entitled to these things, why they're relevant, and why [Derrick's] objections, even annunciating what [his] objections are, are legally incorrect and here's a case that says why they're legally incorrect." Moreover, despite the trial court's difficulties, it in fact actually granted Kang's and the Lees' motions to compel in part—overruling Derrick's objections with regard to certain requests for production. Under these circumstances, we cannot conclude that the trial court acted so arbitrarily or unreasonably so as to abuse its discretion. *See id.*

We overrule Kang's and the Lees' second issue.

## C. The trial court did not abuse its discretion in refusing to grant sanctions.

In their third issue, combined with their first and second issues, Kang and the Lees challenge the trial court's denial of their motions for discovery sanctions.[8] However, they have not shown any clear abuse of discretion.

Imposing sanctions is left to the sound discretion of the trial court. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990). In reviewing the propriety of sanctions, the appellate courts have repeatedly said we will not set aside a trial court's decision on sanctions unless we find the trial court clearly abused its discretion. *See id.* This means the trial court acted without reference to any guiding rules and principles, or equivalently, whether under all the circumstances

---

[8] The record indicates that the trial court twice denied Kang's and the Lees' motions for sanctions. The trial court first denied the motion for sanctions in conjunction with its partially granting Kang's and the Lees' motions to compel. Kang and the Lees again moved for sanctions based on Derrick's failure to provide a certain document that the trial court had compelled. Derrick responded that he had provided such document. The trial court denied the second motion for sanctions. While it is not exactly clear from Kang's and the Lees' briefs which order(s) are being challenged, we will interpret their issue to reach both orders.

of the particular case the court's action was arbitrary or unreasonable. *Id.* In determining whether there has been an abuse of discretion, we view the evidence in the light most favorable to the trial court and indulge every legal presumption in favor of the judgment. *See Omodele v. Adams*, No. 14-01-00999-CV, 2003 WL 133602, at \*5 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.) (citing *Parks v. U.S. Home*, 652 S.W.2d 479, 485 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd)).

Kang and the Lees lodge the general accusation that Derrick "should have been sanctioned rather than rewarded with a summary judgment by the Judge." They also argue that Derrick "disclosed and produced evidence affecting the issues concerning the expiration of the Kang lease, the holdover clause of the Kang lease, lease renewal, and the existence of a new lease between" Derrick and the Lees after the trial court granted no-evidence summary judgment. However, they fail to place such alleged misconduct in the context of the court's discovery deadlines, account for the fact that the trial court found certain of their discovery requests defective then permitted them to resend such discovery, or explain how such allegedly untimely responses otherwise affected the court's granting summary judgment or any other outcome. *See Koslow's*, 796 S.W.2d at 704. Nor do they analyze such alleged behavior with reference to any record citations or legal authority. Accordingly, we cannot conclude that Kang and the Lees established that the trial court clearly abused its discretion by denying their motions for discovery sanctions against Derrick. *See id.* at 705.

We overrule Kang's and the Lees' third issue.

**D. The trial court did not err with regard to its final (not summary) judgment on damages and attorney's fees.**

Kang alone argues the next two issues. In his fourth issue, Kang contends

19

that the trial court erred in "rendering summary judgment jointly and severally for damages in favor of the plaintiff." In his fifth issue, he argues that the trial court "erred in rendering summary judgment jointly and severally for attorney's fees in favor of the plaintiff."

To begin, both of these issues are misguided in that the trial court did not "render" damages or attorney's fees in any summary judgment. Rather, after a jury trial where the jury awarded actual damages and attorney's fees in favor of Derrick and against Kang and the Lees, the trial court signed a final judgment reflecting such verdict.

## 1. Actual damages

Next, presuming Kang was referring to the trial court's final judgment, such judgment does not reflect that any actual damages were ordered to be paid jointly and severally among Kang *and* the Lees. Rather, the trial court ordered that Derrick recover: (1) $5425.14 plus prejudgment interest in actual damages from Kang and (2) $96,908.60 plus prejudgment interest in actual damages from Katie Lee and Scott Lee, jointly and severally.

Thus, we find no merit in, and overrule, Kang's fourth issue.

## 2. Attorney's fees

While Kang is correct in his reading of the final judgment that the trial court ordered that Derek recover $24,600 in reasonable attorney's fees and $10,000 in attorney's fees in the event of an unsuccessful appeal, from Kang, Katie Lee, and Scott Lee, jointly and severally, we conclude that the attorney's fees award is supported by the pleadings and the findings.

### a. Segregation

Kang first argues that Derrick should have been required to segregate his

fees in this case. Kang joined in the Lees' jury-charge objection to question 10 on reasonable and necessary attorney's fees and their request that the question be bifurcated as to the Lees versus Kang. The trial court overruled the objection and did not permit bifurcation, stating that the only expert testimony indicated the fees could not be segregated.

The general rule is that a party seeking to recover attorney's fees in a suit involving multiple claims or parties has a duty to segregate the fees owed. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991). A recognized exception to the duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their "prosecution or defense entails proof or denial of essentially the same facts." *Id.* at 11 (quoting *Flint & Assocs. v. Intercont'l Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex. App.—Dallas 1987, writ denied)). When the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are intertwined to the point of being inseparable, the party suing for attorney's fees may recover the entire amount covering all claims. *See id.* at 11–12.

Kang has not alleged that any of the attorney's fees for any particular claims are unrecoverable.[9] Both claims arose from the same Lease, with Kang as the lessee and the Lees as his assignees. Moreover, Derrick's attorney testified that Kang and the Lees filed "identical" motions, discovery, virtually "everything that's been filed." Derrick's attorney also testified that he did "the same amount of work on essentially the same things, the same legal research, responding to the same motions, responding to the same counterclaims." *Cf. Amerada Hess Corp. v. Wood*

---

[9] Article 32 of the Lease contemplates the recovery of attorney's fees by the landlord from the tenant in case of breach.

21

*Group Prod. Tech.*, 30 S.W.3d 5, 14 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (remanding where no evidence presented to support exception to duty to segregate). The record also confirms the interrelated nature of both Derrick's prosecution against, and defense of the counterclaims of, Kang and the Lees.

Therefore, under these circumstances, we conclude that the attorney's fees were not conducive to or capable of segregation. *See Oadra v. Stegall*, 871 S.W.2d 882, 888 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("We have reviewed the entire record and after such review conclude that the attorney's fees in this case were not capable of segregation. The testimony in the record supports the finding that the issues and parties in this case were so intertwined that they were inseparable.").

### b. Excessiveness

Kang also argues that ordering him to pay attorney's fees jointly and severally was not reasonable where his actual damages were a mere quarter of the total attorney's fees. The determination of reasonable attorney's fees is a question for the trier of fact. *Sterling*, 822 S.W.2d at 12. The factfinder may consider various—and a litigant need not present evidence of all—factors when determining the reasonableness of attorney's fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (listing factors).

Derrick's counsel presented testimony as to several of the *Arthur Andersen* factors, including the time and labor involved, the novelty and difficulty of the questions involved, the various legal issues that had to be addressed, his background, and the hourly rate charged. *See id.* Kang's counsel did not cross-examine Derrick's counsel as to the reasonableness of his fees. Further, while the award should bear some reasonable relationship to the amount in controversy, damages recovered is only one factor to be considered in measuring the

22

reasonableness of the amount of attorney's fees recovered. *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 606–07 (Tex. App.—Dallas 1990, no writ) (rejecting excessiveness challenge and upholding $92,000 attorney's fees award as reasonable where actual damages award was approximately $28,000); *see Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 209–10 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (same where attorney's fees award was $282,000 and actual damages award was just over $81,000).

We conclude that the evidence is both legally and factually sufficient to support the jury's finding as to reasonable attorney's fees. *See Bencon Mgmt.*, 178 S.W.3d at 210; *Murrco Agency*, 800 S.W.2d at 607.

### c. *Joint and several liability*

Finally, Kang takes issue with the joint and several nature of the attorney's fees among Kang and the Lees. Joint and several liability arises in contract based upon the relationship between the parties and the existence of what amounts to joint promises. *K-Bar Servs., Inc. v. English*, No. 03-05-00076-CV, 2006 WL 903735, at *3 (Tex. App.—Austin Apr. 7, 2006, no pet.) (mem. op.) (citing *CTTI Priesmeyer, Inc. v. K & O Ltd. P'ship*, 164 S.W.3d 675, 684 (Tex. App.—Austin 2005, no pet.)).

Kang argues that "the facts and the jury charge herein were insufficient to warrant assessment of liability as to Kang and as between Kang and the Lees[] herein." However, the testimony relied on by Kang regarding the assignment of lease to the Lees and Kang's lack of involvement with regard to the rented space (all without any record citations) does not support his position that joint and several liability was improper here. This is because liability to the original lessor (Derrick) for nonpayment of rent or lack of performance of other lease terms may arise from either privity of contract or privity of estate. *See Twelve Oaks Tower I,*

23

*Ltd. v. Premier Allergy, Inc.*, 938 S.W.2d 102, 113–14 (Tex. App.—Houston [14th Dist.] 1996, no writ). While assignment of a lease destroys privity of estate between the lessor (Derrick) and the original lessee (Kang), privity of contract between them remains. *See id.* at 114.

Nor does the lack of a jury finding of the parties' joint and several relationship or their joint promise preclude a finding of the same where the jury findings indicate that a single contract was under review. *K-Bar Servs.*, 2006 WL 903735, at *3. In questions 1 and 5, the jury found that both Kang and the Lees failed to comply with the exact same lease—"the February 24, 2000 lease (Plaintiff's Exhibit 1)." Further, in question 7, the jury rejected that the Lees orally agreed to a month-to-month tenancy based on the same rent terms contained in an unsigned, draft lease. The jury's findings are also consistent with Derrick's amended petition, which sought to hold both Kang and the Lees liable for breach of the same Lease, and both Kang and the Lees liable for attorney's fees under that same Lease. *See id.* at *4. Thus, we conclude that joint and several liability is supported by the pleadings and jury findings on the contract claims. *See id.*

We overrule Kang's fifth issue.

### III.     CONCLUSION

Accordingly, having overruled all of Kang's and all of the Lees' issues on appeal, we affirm the trial court's judgment.


/s/          Marc W. Brown
            Justice


Panel consists of Justices Boyce, Christopher, and Brown.