Opinion by: Patricia O. Alvarez, Justice
This is an accelerated appeal of the trial court's order terminating Appellant V.M.'s parental rights to his child, M.J.M.G. V.M. contends the evidence is neither legally nor factually sufficient for the trial court to have found, by clear and convincing evidence, that terminating his parental rights is in M.J.M.G.'s best interest. See TEX. FAM. CODE ANN. § 161.001(b)(2). Because we conclude V.M. failed to challenge an independent ground in support of the trial court's ruling, we affirm the trial court's order terminating V.M.'s parental rights.
FACTUAL AND PROCEDURAL BACKGROUND
M.J.M.G. was born on October 14, 2016. Both M.J.M.G. and his mother tested positive for amphetamines and marijuana at the time of his birth. M.J.M.G. was placed in the neonatal intensive care unit due to respiratory problems and withdrawal symptoms.
On October 24, 2016, the Texas Department of Family and Protective Services filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship.
After several status hearings, on May 18, 2017, the matter was called for trial. Following a hearing, the trial court terminated V.M.'s parental rights to M.J.M.G. based on the following grounds:
(1) after being served with citation, V.M. failed to file an admission of paternity or counterclaim for paternity under Chapter 160 of the Texas Family Code, see TEX. FAM. CODE ANN. § 161.002(b)(1) ; and
(2) V.M. constructively abandoned M.J.M.G. and used controlled substances supporting termination under Texas Family Code Sections 161.001(b)(1) (N), and (P), see *864 TEX. FAM. CODE ANN. § 161.001(b)(1) (N), (P), and termination of V.M.'s parental rights was in M.J.M.G.'s best interest, see id. § 161.001(b)(2).
This appeal ensued.
FAILURE TO LEGITIMATE PATERNITY
In its brief, the State argues V.M. failed to challenge the trial court's finding under Texas Family Code section 161.002(b)(1) that V.M. failed to timely file an admission of paternity or a counterclaim for paternity under Chapter 160 of the Texas Family Code. See TEX. FAM. CODE ANN. § 161.002(b)(1).
This court previously held, "[t]here are no formalities that must be observed when filing an admission of paternity or for such an admission to be effective." In re J.L.A. , No. 04-13-00857-CV, 2014 WL 1831097, at *2 (Tex. App.-San Antonio May 7, 2014, no pet.) (mem. op.); accord In re K.W. , No. 02-09-00041-CV, 2010 WL 144394, at *3 (Tex. App.-Fort Worth Jan. 14, 2010, no pet.) (mem. op.). "In fact, by appearing at trial and admitting that he is the child's father, an alleged father triggers his right to require the Department to prove one of the grounds for termination under section 161.001(1) and that termination is in the best interest of the child." J.L.A. , 2014 WL 1831097, at *2.
In the present case, V.M. appeared at trial and testified that he was M.J.M.G.'s father. In addition, V.M.'s trial counsel maintained that V.M. was M.J.M.G.'s father and advocated against termination of V.M.'s parental rights. See itation index="3" url="https://cite.case.law/citations/?q=2014%20WL%201831097">id. (citing Toliver v. Dep't of Family & Protective Servs. , 217 S.W.3d 85, 105 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (holding the trial court erred in terminating parental rights under section 161.002(b)(1), when the alleged father appeared at trial, asserted paternity, and opposed the termination of his parental rights)). Accordingly, V.M.'s appearance and participation in the trial court, including his sworn admission that he was M.J.M'G.'s father, was sufficient to trigger his right to have the Department prove one of the grounds for termination listed in section 161.001(b)(1).
The trial court's judgment sets forth the basis for termination. In addition to the statutory findings pursuant to Texas Family Code section 161.001(b)(1)(N) (constructive abandonment) and (P) (use of a controlled substance), see TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (P), and the trial court's finding that termination of V.M.'s parental rights was in M.J.M.G's best interest, see id. § 161.001(b)(2), the trial court also found, by clear and convincing evidence, that V.M. failed to timely file an admission of paternity or counterclaim for paternity under Chapter 160 of the Texas Family Code. On appeal, V.M. only challenges the trial court's best interest findings; V.M. does not challenge the trial court's finding that V.M. failed to file an admission of paternity.
An appellant must challenge all independent bases or grounds that fully support a judgment or appealable order. See Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C. , 470 S.W.3d 636, 650 (Tex. App.-Dallas 2015, no pet.) ; Britton v. Tex. Dep't of Criminal Justice , 95 S.W.3d 676, 681-82 (Tex. App.-Houston [1st Dist.] 2002, no pet.) ; see also In re N.L.D. , 412 S.W.3d 810, 818 (Tex. App.-Texarkana 2013, no pet.) (holding that when a parent failed to challenge on appeal a ground for termination of parental rights, the court could affirm on the unchallenged ground without examining the sufficiency of evidence to support challenged grounds); In re Elamex, S.A. de C.V. , 367 S.W.3d 879, 888 (Tex. App.-El Paso 2012, orig. proceeding) ("If the appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged independent grounds and affirm the adverse *865 ruling."). The requirement that an appellant challenge each independent ground "is based on the premise that an appellate court normally cannot alter an erroneous judgment in favor of an appellant in a civil case who does not challenge that error on appeal." Britton , 95 S.W.3d at 681.
By failing to challenge the trial court's finding that V.M. failed to file an admission of paternity, V.M. did not challenge all of the independent grounds listed in the termination order. Accordingly, this court must accept this unchallenged finding as true.[2] ibr.US_Case_Law.Schema.Case_Body:v1">See id. ; N.L.D. , 412 S.W.3d at 818 ; Elamex , 367 S.W.3d at 888.
Because termination under Texas Family Code section 161.002(b)(1) does not require proof that termination is in the best interest of the child, we overrule V.M.'s sole issue on appeal and affirm the trial court's order. See TEX. FAM. CODE ANN. § 161.002(b)(1).

We note our finding of appellate waiver does not change this court's prior holdings that a father's appearance at trial and admission that he is the child's father "triggers his right to require the Department to prove one of the grounds for termination under section 161.001(1) and that termination is in the best interest of the child." J.L.A. , 2014 WL 1831097, at *2.