

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00887-CV

**IN THE INTEREST OF D.J.S.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2019PA00363
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: April 1, 2020

AFFIRMED

The sole issue presented on appeal is whether the trial court erred in terminating P.S.'s alleged parental rights to D.J.S. pursuant to Section 161.001(b)(1)(N) of the Texas Family Code, "in the alternative to terminating his rights as an alleged father, because [1] Appellant was not established as the child's parent and [2] said finding refers to actions or inaction of only the mother, not Appellant." We affirm the trial court's order.

### BACKGROUND

D.J.S. was born on October 2, 2018. On February 25, 2019, the Texas Department of Family and Protective Services filed a petition to terminate the rights of P.S. as the alleged father of D.J.S.

On December 10, 2019, a bench trial was held on the petition. P.S. was not present at the bench trial. After announcing not ready, P.S.'s attorney informed the trial court that he had "looked for [P.S.] several times" and "sent him a couple of letters." P.S.'s attorney also stated he "did, surprisingly, hear from [P.S.] on November 13th" and advised him of the trial setting. While waiting for the case to be called on the court's docket that morning, P.S.'s attorney further informed the trial court that he called P.S.'s phone number, asked for P.S., and the male who answered hung up. Finally, P.S.'s attorney stated he sent a text message to the phone number after the male hung up, but he did not receive a reply. P.S.'s attorney stated P.S. was an "alleged" father. The trial court denied the not ready announcement.

At the conclusion of the evidence, the trial court announced P.S.'s rights as an alleged father were terminated pursuant to Section 161.002 of the Texas Family Code ("Code").[1] The trial court further announced P.S.'s rights were alternatively terminated pursuant to Section 161.001(b)(1)(N) of the Code.[2] P.S. appeals.

### DISCUSSION

The sole issue presented in P.S.'s brief is whether the trial court erred in alternatively terminating P.S.'s parental rights under Section 161.001(b)(1)(N) of the Code because that section only authorizes the termination of a "parent's" rights, not the rights of an alleged father. As the Department notes in its brief, however, termination under Section 161.001(b)(1)(N) was an alternative ruling to termination of P.S.'s rights as an alleged father under Section 161.002(b)(1)

---

[1] Under Section 161.002(b)(1), an alleged father's rights may be terminated if "after being served with citation, he does not respond by timely filing an admission of paternity or a counterclaim for paternity under Chapter 160" of the Code. TEX. FAM. CODE ANN. § 161.002(b)(1).

[2] Under Section 161.001(b)(1)(N), a parent's rights may be terminated if the parent has constructively abandoned the child and other conditions are satisfied. TEX. FAM. CODE ANN. § 161.001(b)(1)(N).

because P.S. failed to timely file an admission of paternity or a counterclaim for paternity under Chapter 160 of the Code after he was served. We agree.

"An appellant must challenge all independent bases or grounds that fully support a judgment or appealable order." *In re M.J.M.G.*, 543 S.W.3d 862, 864 (Tex. App.—San Antonio 2017, no pet.). "By failing to challenge the trial court's finding that [P.S] failed to file an admission of paternity, [P.S.] did not challenge all of the independent grounds listed in the termination order." *Id*. "Accordingly, this court must accept this unchallenged finding as true." *Id*. Therefore, because P.S. failed to challenge the trial court's termination of P.S.'s rights as an alleged father under Section 161.002(b)(1) of the Code, we affirm the trial court's order without addressing P.S.'s challenge to the alternative ground for termination under Section 161.001(b)(1)(N). *See id*.; *see also In re C.R.*, No. 05-18-00412-CV, 2018 WL 4537626, at *3 (Tex. App.—Dallas Sept. 21, 2018, no pet.) (mem. op.) ("In light of B.H.'s failure to challenge the trial court's termination under subsections 161.002(b)(1) and (b)(2)(B), either of which fully supports the trial court's termination order, we need not address the unchallenged findings or the grounds raised in B.H.'s brief and affirm the trial court's order."); *In re D.R.L.*, No. 01-15-00733-CV, 2016 WL 672664, at *12 (Tex. App.—Houston [1st Dist.] Feb. 18, 2016, no pet.) (mem. op.) ("Simply put, under section 161.002(b)(1), a trial court may summarily terminate an alleged father's parental rights when he does not file an admission of paternity or counterclaim for paternity under Chapter 160 without requiring [the Department] to prove that the father engaged in one of the types of conduct listed in section 161.001(b)(1) of the [Family] Code or that termination is in the best interest of the child.") (internal quotation marks omitted); *In re D.T.*, No. 02-13-00331-CV, 2014 WL 261408, at *2–3 (Tex. App.—Fort Worth Jan. 23, 2014, no pet.) (mem. op.) (affirming termination order where alleged father failed to challenge termination under Section 161.002 without addressing challenge to constructive abandonment ground).

## CONCLUSION

The trial court's order is affirmed.

Sandee Bryan Marion, Chief Justice