

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00277-CV

Bruce **KNEESE**,
Appellant

v.

**WELLS FARGO BANK, N.A.**; Wells Fargo Home Mortgage, Inc.;
Mark C. Sparrow; and Dawn M. Sparrow,
Appellees

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 15115
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Patricia O. Alvarez, Justice
                  Luz Elena D. Chapa, Justice
                  Lori I. Valenzuela, Justice

Delivered and Filed: August 18, 2021

AFFIRMED

This appeal arises from a general contractor's claims against the homeowners and the construction loan lender relating to work the contractor performed but for which he was not paid. Separately, the homeowners and the lender moved for summary judgment on traditional and no-evidence grounds, and the trial court granted the motions. Because Appellant's brief failed to present legal arguments challenging the no-evidence grounds, we affirm the trial court's order.

## BACKGROUND

In 2006, Appellees Mark and Dawn Sparrow hired Appellant Bruce Kneese to construct an addition to their home. Kneese and the Sparrows executed a "Contract for Improvements with Deed of Trust and Power of Sale." Wells Fargo Bank, N.A.'s predecessor in interest, Wells Fargo Home Mortgage, Inc., funded the construction loan, and Kneese assigned his mechanic's and materialmen's lien to Wells Fargo's predecessor in interest.[1]

In 2009, Kneese sued the Sparrows for breach of contract and other causes of action. Three years later, an arbitrator awarded Kneese damages, costs, attorney's fees, and interest, and the trial court rendered judgment on the award for about $134,000. Despite Kneese's repeated attempts to execute on the judgment, he was not able to collect the monies owed.

In 2014, the Sparrows refinanced a 2004 loan and the 2006 construction loan with a new promissory note secured by a new deed of trust. Under the terms of the 2006 contract, Wells Fargo released its 2006 lien.

Kneese sued Wells Fargo, the Sparrows, and others for releasing the lien without ensuring that his $134,000 judgment was paid. Later, Kneese nonsuited, or the trial court dismissed, the other defendants except for Wells Fargo, the Sparrows, and one other. In their respective motions, Wells Fargo and the Sparrows moved for summary judgment on traditional and no-evidence grounds, which the trial court granted.

After the court severed Kneese's claims against the other remaining defendant, Wells Fargo's and the Sparrows' interlocutory summary judgments became final, and Kneese appealed.

We begin by reviewing the applicable law.

---

[1] Appellant Wells Fargo Bank, N.A. asserts that it is the successor by merger to Wells Fargo Home Mortgage, Inc.

**APPLICABLE LAW**

**A.      Challenging Independent Grounds**

Traditional and no-evidence motions for summary judgment are independent grounds for the trial court to grant summary judgment for the movant.  TEX. R. CIV. P. 166a(c) (traditional motion); *id.* R. 166a(i) (no-evidence motion); *see FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *see also Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (same).

To obtain a reversal of a trial court's judgment or order, "[a]n appellant must challenge all independent bases or grounds that fully support a judgment or appealable order." *In re M.J.M.G.*, 543 S.W.3d 862, 864 (Tex. App.—San Antonio 2017, no pet.); *accord Mass. Bay Ins. Co. v. Adkins*, 615 S.W.3d 580, 612 (Tex. App.—Houston [1st Dist.] 2020, no pet.).  Otherwise, if an independent ground fully supports the judgment, but the appellant fails to challenge the independent ground by presenting a legal argument for appellate review, we must affirm the judgment or order. *See Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 424 (Tex. App.—Dallas 2009, no pet.).

**B.      Brief Requirements**

"The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (citing TEX. R. APP. P. 38.1(i)); *accord Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  "A brief in the court of appeals 'must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) (quoting TEX. R. APP. P. 38.1(i)); *accord ERI Consulting Eng'rs*, 318 S.W.3d at 880.  A brief that does not provide "clear and concise argument

for the contentions made, with appropriate citations to authorities and to the record," TEX. R. APP. P. 38.1(i), fails to present a legal argument for appellate review, *Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied); *see RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018).

## DISCUSSION

In their separate motions, Wells Fargo and the Sparrows moved for summary judgment against all of Kneese's claims on traditional and no-evidence grounds. Their traditional and no-evidence motions for summary judgment were independent grounds to support the trial court's judgment. *See* TEX. R. CIV. P. 166a(c), (i); *Ridgway*, 135 S.W.3d at 600; *FM Props. Operating Co.*, 22 S.W.3d at 872. The trial court granted summary judgment for Wells Fargo and the Sparrows on both traditional and no-evidence grounds.

To obtain appellate relief, it was Kneese's burden to present legal arguments to challenge both the traditional and no-evidence grounds. *See In re M.J.M.G.*, 543 S.W.3d at 864; *see also Mass. Bay Ins. Co.*, 615 S.W.3d at 612. Kneese's brief presented arguments challenging the traditional grounds, but his brief failed to present legal arguments on the no-evidence grounds.

To address the no-evidence grounds, Kneese's brief provides a single sentence:

> The Court erred by granting Wells Fargo['s] and [the] Sparrows['] no-evidence motion for summary judgment because Plaintiff provided summary-judgment evidence that raised a fact issue on [its] equitable claims and causes of action for being left with no viable collection remedy (i.e., secured interest) to enforce the judgment obtained through the arbitration provisions of the contract between the three parties. TEX. R. CIV. P. 166a(i).

Kneese's brief does not identify the evidence that supports each essential element of each of his claims, it does not provide citations to the record to show where the evidence was presented to the trial court, and it does not provide appropriate citations to supporting authorities. *Contra* TEX. R. APP. P. 38.1(i); *see Lowry*, 537 S.W.3d at 620 (briefing waiver); *Canton-Carter*, 271

- 4 -

S.W.3d at 931 (same); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) ("As an appellate court, we are not required to search the record for a scintilla of evidence raising a material fact issue without more specific guidance."); *see also Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 309 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("In determining whether a respondent to a no-evidence motion for summary judgment has produced sufficient evidence to raise a genuine issue of material fact, courts are not required to search the record without guidance.").

Kneese's brief failed to present legal arguments challenging the trial court's judgments granting summary judgment for Wells Fargo and for the Sparrows on no-evidence grounds. *See Canton-Carter*, 271 S.W.3d at 931; *Blake*, 123 S.W.3d at 525. Because Kneese's brief failed to challenge independent grounds that fully support the trial court's summary judgments, we must affirm the trial court's severance order (which made the summary judgments final). *See Britton*, 95 S.W.3d at 681; *see also Oliphant Fin.*, 295 S.W.3d at 424.

## CONCLUSION

To obtain reversal of the trial court's judgment, Kneese's brief was required to challenge and overcome each independent ground supporting the summary judgments. Because Kneese's brief failed to present legal arguments challenging Wells Fargo's and the Sparrows' no-evidence grounds, and the no-evidence grounds support the judgments, we affirm the trial court's order.

Patricia O. Alvarez, Justice